## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Board of Trustees of the Public | ) | |
| School Teachers' Pension and | ) | |
| Retirement Fund of Chicago, | ) | No. 04-CV-12378-RCL |
| | ) | |
| Appellant-Creditor, | ) | |
| | ) | On appeal from the Bankruptcy |
| v. | ) | Court, Case No. 03-14530 (Ch.7), |
| | ) | Hon. Joan N. Feeney, presiding. |
| Phillip Hyde, | ) | |
| | ) | |
| Appellee-Debtor. | ) | |

## MOTION TO FILE OVERSIZED BRIEF

Appellant, the Board of Trustees of the Public School Teachers' Pension and

Retirement Fund of Chicago ("Fund"), through counsel, moves the Court pursuant to

Rules 7.1(b)(4) and 203 of the Local Rules of the United States District Court for the

District of Massachusetts ("LR"), and Fed.R.Bankr.P. 8010(c), for leave to file a brief in

excess of 20 pages, but not to exceed 50 pages. The Fund states in support:

1.      This is an appeal from a final order of the United States Bankruptcy Court

for the District of Massachusetts, pursuant to 28 U.S.C. § 158(a).

2.      Debtor Phillip Hyde filed a Voluntary Petition under Chapter 7 of the

Bankruptcy Code, Title 11 United States Code, on May 28, 2003. *In re Phillip W. Hyde*,

Case No. 03-14530 (Bankr.D.Mass.).

1

3.    The Fund, a creditor, is an Illinois public employee pension fund established by state statute. The Fund's Board of Trustees administer and control the Fund, and are authorized to file suit on the Fund's behalf.

4.    Debtor defrauded the Fund out of $317,678.16 by forging his deceased mother's name to, and cashing, her pension checks for 18 years. When the Fund caught Debtor at his game, it sued him for fraudulent conversion in Massachusetts District Court. Debtor pleaded the Fifth Amendment and strung out the litigation to the last day for responding to the Fund's summary judgment motion, but instead filed bankruptcy to avoid the imminent entry of a judgment against him.

5.    The Fund filed an adversary action and again moved for summary judgment. This time, with bankruptcy protection, Debtor did not even oppose the merits of the Fund's motion and *conceded* to the entry of a non-dischargeable judgment against him based on fraud. In the main bankruptcy proceeding, Debtor claimed virtually all of his property exempt from the reach of creditors, and then took steps to reduce his bankruptcy to a dispute involving one primary creditor – the Fund. Additionally, Debtor claimed a $300,000 Massachusetts homestead exemption and avoided the Fund's lien on the grounds it impaired his exemption. This wiped out the Fund's lien and shielded Debtor's only asset of value (a house worth over $510,000) from the Fund's reach when post-proceeding collection efforts begin. Because Debtor has virtually no non-exempt assets from which the Fund can satisfy a non-dischargeable judgment, the Fund was left holding an empty bag.

6.    Meanwhile, Debtor pleaded guilty to federal criminal mail fraud charges brought by the Government based on his scheme against the Fund.

7.    Bankruptcy Code § 707(a), 11 U.S.C. § 707(a), provides that a debtor's Chapter 7 petition can be dismissed for "cause," which has been interpreted to include bad faith. Virtually every court considering the question has held that bad faith or egregious conduct akin to it is "cause" for dismissal under § 707(a). The First Circuit has not addressed the issue, but one of its bankruptcy courts recently sided with the majority. Only a few courts have found there is no good faith filing requirement in Chapter 7 and, as such, a debtor's bad faith cannot constitute "cause" for dismissal. These cases have been largely ignored, discredited, or – overruled.

8.    The bankruptcy court denied the Fund's motion to dismiss under § 707(a). The court found that bad faith is not cause for dismissal, but even if it is, the facts do not support a finding of bad faith or cause for dismissal. The Fund timely appealed to this Court.

9.    The rules governing bankruptcy appeals are set forth in Part VIII of the Federal Rules of Bankruptcy Procedure, titled "Appeals to District Court or Bankruptcy Appellate Panel."

10.    Fed.R.Bankr.P. 8010(c) in relevant part provides:

**Length of briefs.** Unless the district court or the bankruptcy appellate panel by local rule or order otherwise provides, principal briefs shall not exceed 50 pages, . . . exclusive of pages containing the tables of contents, tables of citations, and any addendum containing statutes, rules, regulations, or similar material.

11.    LR 203, which governs bankruptcy appeals, is silent as to brief length.

12.    However, LR 7.1, which governs "motion practice," provides at subsection (b)(4) that "[m]emorandum supporting or opposing allowance of motions shall not, without leave of court, exceed twenty (20) pages, double-spaced."

13.    To avoid any confusion to the extent there is a conflict between Fed.R.Bankr.P. 8010(c) and LR 7.1(b)(4), the Fund submits the former should control and the Fund should be permitted to file a principal brief up to 50 pages in length. This is an appeal, and, an appellate brief must contain specified sections and follow a particular format. *See e.g. Nicoladze v. Lawler*, 86 B.R. 69 (Bankr.N.D.Tex.1988) (brief deficient for not complying with Bankruptcy Rule's requirements) For example, the Fund's brief must have separately headed sections setting forth: the basis of appellate jurisdiction; the issues on appeal; the standard of review applicable to those issues; a statement of the case describing the case's nature, the course of proceedings below, and the disposition in the court below; a statement of facts, and the argument. These specific requirements necessitate briefs longer than 20 pages.

14.    Additionally, LR 7.1(b)(4) appears to be confined to briefs supporting motions. The Fund's brief will be in support of an appeal, not a motion.

15.    Moreover, this is a case of great importance because $317,678.16 of public money (that but for Debtor's fraudulent conduct would have been used to pay retirement benefits to retired school teachers) is at stake. The question whether bad faith is cause for dismissal of a debtor's petition under § 707(a) is one of first impression in this District. There is a substantial body of case law supporting the Fund's position that

the bankruptcy court rejected.  The Fund submits it will take a brief up to 50 pages to

fully address the applicable case law, the issues, the facts, and the bankruptcy court's

errors.  The Fund's substantially completed brief is 50 pages.

WHEREFORE, the Fund requests that the Court grant its motion and enter an

order giving the Fund leave to file a principal brief in this appeal over 20 pages but not to

exceed 50 pages in length.

Respectfully submitted,

Dated: Nov. 11, 2004

William W. Leathem
Attorney for Appellant-creditor Board of
Trustees of the Public School Teachers'
Pension and Retirement Fund of Chicago
Jacobs Burns Orlove Stanton & Hernandez
122 S. Michigan Avenue, Suite 1720
Chicago, Illinois 60603
(312) 372-1646

Kathleen A. Rahbany (BBO #654322)
William R. Moorman, Jr. (BBO # 48593)
Craig and Macauley
        Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
(617) 367-9500

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Board of Trustees of the Public<br>School Teachers' Pension and<br>Retirement Fund of Chicago,<br><br>Appellant-Creditor,<br><br>v.<br><br>Phillip Hyde,<br><br>Appellee-Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-CV-12378-RCL<br><br>On appeal from the Bankruptcy<br>Court, Case No. 03-14530 (Ch.7),<br>Hon. Joan N. Feeney, presiding. |

## CERTIFICATE OF SERVICE

I, Kathleen Rahbany, hereby certify that on November ___11___, 2004, I caused a copy of the **Motion to File Oversized Brief,** to be sent by first class mail, postage prepaid, to:

Richard L. Blumenthal
Silverman & Kudisch, P.C.
1320 Centre Street
Suite 203
Newton Center, Massachusetts  02459

_____
Kathleen Rahbany