UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago, | ) ) ) ) | No. 04-CV-12378-RCL |
|     Appellant-Creditor, | ) ) ) ) | On appeal from the Bankruptcy Court, Case No. 03-14530 (Ch.7), Hon. Joan N. Feeney, presiding. |
| v. | ) ) | |
| Phillip Hyde, | ) ) | |
|     Appellee-Debtor. | ) | |

**MOTION FOR REASSIGNMENT OF CASE
TO THE HONORABLE JUDGE JOSEPH L. TAURO**

Appellant, the Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago ("Fund"), through counsel, moves the Court pursuant to Rule 40.1(G) of the Local Rules of the United States District Court for the District of Massachusetts ("LR"), for the reassignment of this case to the Honorable Judge Joseph L. Tauro. The Fund states in support:

1. This is an appeal from a final order of the United States Bankruptcy Court for the District of Massachusetts, pursuant to 28 U.S.C. § 158(a).

2. Judge Tauro is presiding over a previously filed and related dispute between the parties to this appeal, and over Debtor Phillip Hyde's pending criminal prosecution related to that dispute. *Board of Trustees of the Public School Teachers'*

1

*Pension and Retirement Fund of Chicago v. Phillip Hyde,* Civil Action No. 02-10926 (D.Mass.); *United States v. Hyde,* Criminal Case No. 04-10074 (D.Mass.).

3.  Debtor filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code, Title 11 United States Code, on May 28, 2003. *In re Phillip W. Hyde,* Case No. 03-14530 (Bankr.D.Mass.) (Feeney, J.).

4.  The Fund, a creditor, is an Illinois public employee pension fund established by state statute. The Fund's Board of Trustees administer and control the Fund, and are authorized to file suit on the Fund's behalf.

5.  Debtor defrauded the Fund out of $317,678.16 by forging his deceased mother's name to, and cashing, her pension checks for 18 years. When the Fund caught Debtor at his game, it sued him for fraudulent conversion in Massachusetts District Court. The case was assigned to Judge Tauro. *Board of Trustees v. Hyde,* No. 02-10926.

6.  In that case, Debtor pleaded the Fifth Amendment in answer to the Fund's allegations and refused to answer any questions concerning his culpability. Finding the Fund established a likelihood of success on the merits of its fraud claim, Judge Tauro issued a $317,678.16 prejudgment writ of attachment for the Fund against Debtor's house in Cambridge, Massachusetts. Thereafter, the Fund sought a second writ of attachment in the amount of $90,000 against Debtor's home equity credit line. But Debtor withdrew his money from the account before Judge Tauro could issue the writ. The Fund then moved for summary judgment. Debtor strung out the litigation to the last day for responding to the Fund's motion, but instead filed the underlying bankruptcy case to

avoid the imminent entry of a judgment against him. Due to Debtor's bankruptcy, the case before Judge Tauro remained open until August 18, 2004, when it was closed without prejudice and without entry of judgment until re-opened by either party upon the completion and/or termination of the bankruptcy proceedings.

7.     In the bankruptcy proceeding, the Fund filed an adversary action and again moved for summary judgment. *Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago v. Phillip Hyde,* Adv. Pro. No. 03-1358 (Bankr.D.Mass.) (Feeney, J.). This time, with bankruptcy protection, Debtor did not even oppose the merits of the Fund's motion and *conceded* to the entry of a non-dischargeable judgment against him based on fraud. In the main bankruptcy proceeding, Debtor claimed virtually all of his property exempt from the reach of creditors, and then took steps to reduce his bankruptcy to a dispute involving one primary creditor – the Fund. Additionally, Debtor claimed a $300,000 Massachusetts homestead exemption and avoided the Fund's lien on the grounds it impaired his exemption. This wiped out the Fund's lien and shielded Debtor's only asset of value (a house worth over $510,000) from the Fund's reach when post-proceeding collection efforts begin. Because Debtor has virtually no non-exempt assets from which the Fund can satisfy a non-dischargeable judgment, the Fund was left holding an empty bag.

8.     Meanwhile, the United States Attorney's Office for the District of Massachusetts initiated federal criminal mail fraud charges against Debtor based on his scheme against the Fund. *U.S. v. Hyde,* Criminal No. 04-10074. The criminal case was assigned to Judge Tauro. Debtor pleaded guilty on May 12, 2004, and awaits sentencing.

9. Bankruptcy Code § 707(a), 11 U.S.C. § 707(a), provides that a debtor's Chapter 7 petition can be dismissed for "cause," which has been interpreted to include bad faith. Virtually every court considering the question has held that bad faith or egregious conduct akin to it is "cause" for dismissal under § 707(a). The First Circuit has not addressed the issue, but one of its bankruptcy courts recently sided with the majority. Only a few courts have found there is no good faith filing requirement in Chapter 7 and, as such, a debtor's bad faith cannot constitute "cause" for dismissal. These cases have been largely ignored, discredited, or impliedly – if not actually – overruled.

10. The bankruptcy court denied the Fund's motion to dismiss under § 707(a). The court found that bad faith is not cause for dismissal, but even if it is, the facts do not support a finding that Debtor acted in bad faith or that cause exists for dismissal. The Fund timely appealed and the case was assigned to this Court.

11. LR 40.1(G) provides for the reassignment of related civil cases "if some or all of the parties are the same and if one or more [specified] similarities exist."

12. The threshold requirement for reassignment is satisfied because the parties to this appeal are the same parties to a previously-filed case pending before Judge Tauro.

13. The final requirement for reassignment also is satisfied because "the cases involve the same or similar claims or defenses" and, in addition, "the cases involve the same property, transaction or event." See LR 40.1(G)(1). The resolution of the issues on appeal hinge largely on the facts and circumstances surrounding the parties' dispute and the underlying litigation and, in particular, Debtor's pre-petition conduct and actions that must be evaluated as indicia of bad faith in the § 707(a) analysis.

14.  This case should be reassigned to Judge Tauro because he has already expended substantial time and judicial resources in becoming familiar with the parties, the facts, and the legal issues involved.

**WHEREFORE,** the Fund requests that the Court grant its motion and enter an order reassigning this case to Judge Tauro.

Respectfully submitted,

Dated: Nov. 11, 2004

*/s/ William W. Leathem*
William W. Leathem
Attorney for Appellant-creditor Board of
Trustees of the Public School Teachers'
Pension and Retirement Fund of Chicago
Jacobs Burns Orlove Stanton & Hernandez
122 S. Michigan Avenue, Suite 1720
Chicago, Illinois 60603
(312) 372-1646

Kathleen A. Rahbany (BBO # 654322)
William R. Moorman, Jr. (BBO # 48593)
Craig and Macauley
    Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
(617) 367-9500

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago, | ) ) ) ) | No. 04-CV-12378-RCL |
| Appellant-Creditor, | ) ) ) | On appeal from the Bankruptcy |
| v. | ) ) | Court, Case No. 03-14530 (Ch.7), Hon. Joan N. Feeney, presiding. |
| Phillip Hyde, | ) ) | |
| Appellee-Debtor. | ) | |

### CERTIFICATE OF SERVICE

I, Kathleen Rahbany, hereby certify that on November 11, 2004, I caused a copy of the **Motion for Reassignment of Case to the Honorable Judge Joseph L. Tauro,** to be sent by first class mail, postage prepaid, to:

Richard L. Blumenthal
Silverman & Kudisch, P.C.
1320 Centre Street
Suite 203
Newton Center, Massachusetts 02459

_____
Kathleen Rahbany