UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2004 NOV 24  A 8: 53

U.S. DISTRICT COURT
DISTRICT OF MASS.

Board of Trustees of the Public ) No. 04-CV-12378-RCL
School Teachers' Pension and )
Retirement Fund of Chicago )
    Appellant-Creditor )  On appeal from the Bankruptcy
) (Ch. 7) Court
) Case No. 03-14530
v. ) Hon. Joan N. Feeney,
) presiding
)
Phillip Hyde )
    Appellee-Debtor )

**OPPOSITION OF PHILLIP HYDE TO MOTION FOR REASSIGNMENT
OF CASE TO THE HONORABLE JUDGE JOSEPH L. TAURO**

Now comes Phillip W. Hyde ("Hyde"), by and through his attorney, and opposes the MOTION FOR REASSIGNMENT OF CASE TO THE HONORABLE JUDGE JOSEPH L. TAURO ("MOTION FOR REASSIGNMENT"). In support of this opposition, Hyde states as follows:

1. The instant appeal of a Bankruptcy Court order and the prior civil court case do not involve the same issues.

2. The issues before this Court, on appeal from the Bankruptcy Court, as submitted by the Appellant, the Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago (the "Fund"), in its APPELLANT'S STATEMENT OF ISSUES ON APPEAL, are the following:

    (1) Did the bankruptcy court err as a matter of law by concluding that bad faith is not cause for dismissal of a Chapter 7 petition under § 707(a)?

    (2) Did the bankruptcy court abuse its discretion by finding that, even if bad faith is cause for dismissal under § 707(a), the facts in this case do not support a finding that Debtor acted in bad faith or that cause exists for dismissal?

3. The two issues on appeal arise solely in relationship to the Bankruptcy Court's denial of the Fund's MOTION TO DISMISS UNDER 11 U.S.C., § 707(a).

4. The issues on appeal do not involve similar claims or defenses that were at issue in the civil case and they do not involve the same property transaction or event that was the issue in the civil case which was assigned to Judge Tauro's docket.[1, 2]

5. The issue in the civil matter previously on Judge Tauro's docket, as characterized by the Fund, was the Debtor's "fraudulent conversion" (MOTION FOR REASSIGNMENT at ¶5).

6. Upon information and belief, Judge Tauro's involvement in the prior civil action was limited as the District Court case was stayed by virtue of the Debtor's bankruptcy petition prior to Judge Tauro hearing any dispositive matters/issues.

7. The issues in the instant appeal do not relate to the underlying debt; the underlying debt has been determined to be nondischargeable. The issues on appeal, as set forth by the Fund, are whether bad faith is cause for dismissal of a Chapter 7 petition; and, if a Chapter 7 proceeding may be dismissed for bad faith, whether the Debtor's actions in the bankruptcy proceeding support a finding that the Debtor acted in bad faith in the bankruptcy proceeding.

---

[1] The Fund, appropriately, does not argue that the criminal case is related to the instant bankruptcy court appeal in such a manner that would provide for reassignment.

[2] Hyde has been advised that the criminal case is in the process of being reassigned from Judge Tauro to another judge.

8. The Fund only asserted its present position that the Debtor's bankruptcy filing was tainted with bad faith and that said bad faith would require the dismissal of the Debtor's bankruptcy petition after the Debtor successfully avoided the Fund's pre-petition attachment.

9. The Bankruptcy Court entered an order avoiding the Fund's judicial attachment on June 18, 2004. The Fund filed an appeal of the allowance of the MOTION OF DEBTOR TO AVOID LIEN PURSUANT TO 11 U.S.C., § 522(f) on June 28, 2004. Thereafter, on July 28, 2004, approximately fourteen (14) months after the Petition Date (May 28, 2004), the Fund filed its MOTION TO DISMISS UNDER 11 U.S.C., § 707(a).

10. As stated by the Debtor in his RESPONSE BY PHILLIP W. HYDE TO MOTION TO DISMISS UNDER 11 U.S.C., § 707(a):

> The Fund's present grievance is not with the Debtor but with the fact that the Bankruptcy Code ("Code") only permits a debtor's exempt assets to be liable for certain specific debts set forth in 11 U.S.C., § 522(c), which type of debt the Fund does not hold. As a consequence of same, the First Circuit has determined that the "exception" portion of the Massachusetts homestead statute has been preempted. The Fund having its lien avoided is now attempting to do, by indirection, what it could not do by direction, i.e., seeking dismissal of a debtor's case so that its pre-petition attachment would be reinstated. (Introduction paragraph, footnotes omitted.)

11. Furthermore, it must be noted that the Fund's prior appeal, which was an appeal of the Bankruptcy Court order avoiding the Fund's attachment was dismissed, by this Court (04-11747-RCL), in response to a joint motion to dismiss the appeal.

As such, this Court has had involvement with the bankruptcy matters.[3]

12. As: (i) the issues in the instant case relate to bankruptcy issues and do not relate to the underlying debt; (ii) this Court has had prior involvement in the matter by virtue of the Fund's initial appeal; (iii) as Judge Tauro has had limited involvement in the civil action; (iv) Judge Tauro neither heard nor decided any dispositive motions; and, (v) the criminal case, upon information and belief, is being reassigned to another judge, this proceeding should not be reassigned to Judge Tauro.

WHEREFORE, Phillip W. Hyde respectfully requests that this Court deny the MOTION FOR REASSIGNMENT and that this Court issue such other and further relief as it deems just and meet.

Respectfully submitted,

PHILLIP W. HYDE,
By his attorney

Richard L. Blumenthal, Esq.
BBO #047150
SILVERMAN & KUDISCH, P.C.
1320 Centre Street, Suite 203
Newton Center, MA 02459
617-527-1150

Dated: November 23, 2004

hyde\appeal\reassign.opp

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by _____ hand on 11/23/04

---

[3] The Fund's MOTION FOR REASSIGNMENT does not inform this Court that its appeal of the Bankruptcy Court order avoiding its attachment was previously before this Court.