UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago, | ) ) ) ) |
| Appellant-Creditor, | ) ) ) ) |
| v. | ) ) |
| Phillip Hyde, | ) ) |
| Appellee-Debtor. | ) |

No. 04-CV-12378-RCL

On appeal from the Bankruptcy Court, Case No. 03-14530 (Ch.7), Hon. Joan N. Feeney, presiding.

## FUND'S MOTION FOR LEAVE TO FILE *INSTANTER* THE ATTACHED (SHORT) REPLY TO DEBTOR'S OPPOSITION TO FUND'S MOTION TO FILE OVERSIZED BRIEF

Appellant Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago (the "Fund"), through counsel, moves the Court pursuant to Rule 7.1(b)(3) of the Local Rules of the United States District Court for the District of Massachusetts ("LR") for leave to file *instanter* the attached (short) reply to the opposition of Phillip Hyde ("Debtor") to the Fund's motion to file an oversized brief. The Fund states in support:

1. The Fund filed this appeal from a final order of the U.S. Bankruptcy Court for the District of Massachusetts, 28 U.S.C. § 158(a), and an election to proceed before the District Court under 28 U.S.C. § 158(c)(1), on September 21, 2004.

2. On November 11, 2004, the Fund filed a Motion to File Oversized Brief pursuant to LR 7.1(b)(4) and 203, and Fed.R.Bankr.P. 8010(c).

1

3. The Fund filed its opening brief ("Appellant's Brief") on November 29, 2004, in accordance with the November 10, 2004 Order setting a briefing schedule. (**Note:** Because the Order set November 25 as the Fund's due-date, and the District Court was closed on both Thursday, November 25 and Friday, November 26, for the Thanksgiving Holiday, the Fund's due-date defaulted to Monday, November 29.)

4. Though not yet reflected on the District Court's docket, the Fund received on November 29, 2004, Debtor's Opposition to Motion to File Oversize [*sic*] Brief.

5. The Fund seeks leave to file *instanter* the attached short reply explaining why Debtor's opposition should be rejected.

6. If the Court should deny the Fund's Motion to File Oversized Brief, the Fund requests an extension of time in which to file an opening brief in compliance with the page limit otherwise allowed.

**WHEREFORE,** the Fund requests that the Court grant its motion and accept for filing *instanter* the attached reply. However, if the Court denies the Fund's Motion to File Oversized Brief, the Fund requests an extension of time in which to file an opening brief in compliance with the page limit otherwise allowed.

### RULE 7.1(A)(2) CERTIFICATION

Pursuant to Local Rule 7.1(A)(2), counsel to the Fund hereby certifies that they contacted counsel to Debtor regarding the issues raised in this motion and in the Fund's

Motion to File Oversized Brief. The parties were unable to narrow the issues raised or eliminate the need for this motion or for the Motion to File Oversized Brief.

          Respectfully submitted,

Dated: December 1, 2004

/s/ Kathleen A. Rahbany
William R. Moorman, Jr. (BBO # 48593)
Kathleen A. Rahbany (BBO# 654322)
Craig and Macauley
    Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
(617) 367-9500

-and-

William W. Leathem
Attorney for Appellant-creditor Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago
Jacobs Burns Orlove Stanton & Hernandez
122 S. Michigan Avenue, Suite 1720
Chicago, Illinois 60603
(312) 372-1646

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago, | ) ) ) ) | No. 04-CV-12378-RCL |
|     Appellant-Creditor, | ) ) ) ) | On appeal from the Bankruptcy Court, Case No. 03-14530 (Ch.7), Hon. Joan N. Feeney, presiding. |
| v. | ) ) | |
| Phillip Hyde, | ) ) | |
|     Appellee-Debtor. | ) | |

**FUND'S *PROPOSED* REPLY TO DEBTOR'S OPPOSITION TO
FUND'S MOTION TO FILE OVERSIZED BRIEF**

**I.     Introduction.**

The Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago (the "Fund") seeks leave in this bankruptcy appeal to file an opening principal brief up to 50 pages in length, in accordance with Fed.R.Bankr.P. 8010(c). Phillip Hyde ("Debtor") opposes the Fund's motion on the grounds that brief lengths are controlled by Rule 8010-1(a) of the Local Rules of Bankruptcy Appellate Panel for the First Circuit ("BAP R."). For the reasons stated below and in the Fund's Motion to File Oversized Brief, the Court should reject Debtor's argument and grant the Fund's motion.

**II.    Argument.**

    **Fed.R.Bankr.P. 8010(c), which controls this case, permits the Fund
To file an opening principal brief up to 50 pages in length.**

4

When the Fund filed its notice of appeal it simultaneously filed an election under 28 U.S.C. § 158(c)(1) to proceed before the District Court instead of the Bankruptcy Appellate Panel. The rules governing bankruptcy appeals are set forth in Part VIII of the Federal Rules of Bankruptcy Procedure, titled "Appeals to District Court or Bankruptcy Appellate Panel." Because the Fund filed an election to proceed before the District Court, the Rules set forth in Part VIII apply. Relevant to this dispute is Fed.R.Bankr.P. ("BR") 8010(c), which provides:

> **Length of briefs.** Unless the district court or the bankruptcy appellate panel by local rule or order otherwise provides, principal briefs shall not exceed 50 pages, . . . exclusive of pages containing the tables of contents, tables of citations, and any addendum containing statutes, rules, regulations, or similar material.

Because LR 203 governing bankruptcy appeals is silent as to brief length, BR 8010(c) controls and the Fund's principal brief to this District Court may be up to, but not exceed, 50 pages.

However, LR 7.1, which governs "motion practice," provides at subsection (b)(4) that "[m]emorandum supporting or opposing allowance of motions shall not, without leave of court, exceed twenty (20) pages, double-spaced." The Fund believes that BR 8010(c) controls, but in an abundance of caution and to avoid any confusion to the extent there is a perceived conflict between that rule and LR 7.1(b)(4), sought leave to file a principal brief up to 50 pages in accordance with BR 8010(c). On November 29, 2004,

5

before Debtor's Opposition to [the Fund's] Motion to File Oversized Brief was either docketed by the Clerk or received by the Fund, the Fund filed its opening appellate brief.[1]

Debtor's contention that BAP R. 8010-1(a) governs brief lengths before this Court is wrong and should be rejected. The BAP Rules expressly state that they apply only to proceedings before the BAP:

> **Purpose of the Local Rules for the Bankruptcy Appellate Panel for the First Circuit.** The following Local Rules for the First Circuit Bankruptcy Appellate Panel (BAP) govern practice before the BAP.

Further, as Debtor correctly points out, the BAP follows the Federal Rules of Appellate Procedure concerning brief lengths and structure. (*See* Debtor's motion at ¶ 9.) But this is an appeal by election to the District Court. As such, the rules set forth in Part VIII of the Federal Rules of Bankruptcy Procedure – not the Federal Rules of Appellate Procedure or the BAP Rules – govern all aspects of this appeal unless limited by rules of the District Court. Because there is no District Court rule governing the length of appellate briefs, BR 8010(c) controls, and the Fund should be permitted to file a 50 page opening brief.

As a final note, Debtor's unsupported contention that the issues on appeal are "straightforward" and thus do not warrant a 50 page brief by the Fund, grossly understates this case's importance as one of first impression in this District. (*See*

---

[1] The Court's November 10, 2004 Order setting the briefing schedule provided that the Fund's opening brief was due November 25. However, because the District Court was closed on both Thursday, November 25 and Friday, November 26, for the Thanksgiving Holiday, the Fund's due-date defaulted to Monday, November 29.

Debtor's motion at ¶ 10; *see also* Fund's Motion to File Oversized Brief at ¶¶ 4-8, 15, incorporated by reference.)

### III.   Conclusion.

This Court should grant the Fund's motion and allow it to file a 50 page opening brief.

Respectfully submitted,

Dated: _____

_____
William R. Moorman, Jr. (BBO # 48593)
Kathleen A. Rahbany (BBO# 654322)
Craig and Macauley
    Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
(617) 367-9500

-and-

William W. Leathem
Attorney for Appellant-creditor Board of
Trustees of the Public School Teachers'
Pension and Retirement Fund of Chicago
Jacobs Burns Orlove Stanton & Hernandez
122 S. Michigan Avenue, Suite 1720
Chicago, Illinois 60603
(312) 372-1646

## CERTIFICATE OF SERVICE

      I, Kathleen A. Rahbany, hereby certify that on December 1, 2004 I caused a copy of the above document to be served by hand on:

Richard L. Blumenthal
Silverman & Kudisch
1320 Centre Street
Suite 203
Boston, MA 02459.


                                              /s/ Kathleen A. Rahbany
                                              Kathleen A. Rahbany