UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago<br>    Appellant-Creditor<br><br>v.<br><br>Phillip Hyde<br>    Appellee-Debtor | No. 04-CV-12378-RCL<br><br>On appeal from the Bankruptcy (Ch. 7) Court<br>Case No. 03-14530<br>Hon. Joan N. Feeney, presiding |

**MOTION TO STRIKE NON-CONFORMING BRIEF**

Now comes Phillip W. Hyde ("Hyde"), by and through his attorney, and requests that this Court strike the APPELLANT'S BRIEF of the Board of Trustee's of the Public School Teachers' Pension and Retirement Fund of Chicago ("Fund") as its brief contains 50 pages, 20 pages more than allowed by the applicable Rule of Civil Procedure.

    1.    Rule 8010-1, of the Local Rules for the First Circuit Bankruptcy Appellate Panel, controls the form and length of an appellate brief filed in this Court arising out of an appeal of a bankruptcy court order. A true copy of said Rule is annexed hereto and marked Exhibit "A."

    2.    Rule 8010, of the Federal Rules of Bankruptcy Procedure, states that it determines the form and length of an appellate brief, "[u]nless the district court or the bankruptcy appellate panel by local rule or otherwise provides .... ."

    3.    Rule 8010, of the Federal Rules of Bankruptcy Procedure, specifically mandates that one must look, in the first

instance, to either the District Court rules or the Bankruptcy Appellate Panel rules to determine the form and length of an appellate brief. Said Rule states that if either the District Court or the Bankruptcy Appellate Panel has a rule that dictates the form and length of a brief, then said Rule controls the form and length of the appellate brief.

4.  The Local Rules for the First Circuit Bankruptcy Appellate Panel ("1st Cir. BAP R.") do specifically provide for the form and length of appellate briefs.[1]

5.  Pursuant to 1st Cir. BAP R. 8010-1(a) "opening briefs _may not_ exceed 30 pages and reply briefs _may not_ exceed 20 pages." (emphasis added)

6.  The form and length provisions contained in the 1st Cir. BAP R. 8010-1(a) are mandatory, as opposed to permissive.

7.  1st Cir. BAP R. 8010-1 contains no provision or mechanism to allow a litigant to seek an increase in the page limitation of briefs.

8.  In addition, 1st Cir. BAP R. provides other guidance on the form of an appellate brief, including 1st Cir BAP R. 8010-1(d), which mandates the color of the covers of the various briefs. Neither the Bankruptcy Rules of Federal Procedure nor the District Court Rules provide such guidance.

---

[1] Pursuant to the Local Rules for the First Circuit Bankruptcy Appellate Panel, its scope and function is to "supplement Part VIII of the Federal Rules of Bankruptcy Procedure." (1st Cir. BAP R., 2nd paragraph)

2

9. As the Rule specifically mandates that appellate briefs <u>may not</u> exceed thirty (30) pages, the said thirty (30) page limit is fully consistent with the Federal Rules of Appellate Procedure which, pursuant to Rule 32(a)(7), also mandates a thirty (30) page limitation.

### RULE 7.1(A)(2) CERTIFICATION

Pursuant to Local Rule 7.1(A)(2), counsel to Hyde hereby certify that he and counsel to the Fund (Kathleen A. Rahbany) discussed the issues raised in this Motion. The parties were unable to narrow the issues raised or limit the need for this Motion.

WHEREFORE, Phillip W. Hyde respectfully requests that the APPELLANT'S BRIEF be stricken and that this Court order such other and further relief as it deems just and meet.

Respectfully submitted,

PHILLIP W. HYDE
By his attorney,

Richard L. Blumenthal, Esq.
BBO #047150
SILVERMAN & KUDISCH, P.C.
1320 Centre Street, Suite 203
Newton Center, MA 02459
617-527-1150

Dated: December 1, 2004

bkcy\hyde\appeal\strike.mot

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by _____ hand on _____

3



EXHIBIT A

## RULE 8010-1

## Form of Briefs and Related Papers

(a) <u>Length and Content.</u> Opening briefs may not exceed 30 pages and reply briefs may not exceed 20 pages. A party may include copies of relevant statutes, rules and regulations either in an addendum to its brief or in pamphlet form, which shall not be included in the page limit.

    (1) <u>Translations Required.</u> The Bankruptcy Appellate Panel will reject documents not in the English language unless translations are furnished. Whenever a party cites to a statute, rule or regulation, or an opinion of the Supreme Court of Puerto Rico or other court of Puerto Rico in an appendix, brief or at oral argument and the cited authority is not available in the bound English language volumes, an official, certified or stipulated translation thereof, with three conformed copies, shall be filed. Partial translations are acceptable if stipulated to by the parties or submitted by a party not less than 30 days before oral argument. Where partial translations are submitted by a party, opposing parties may submit, prior to oral argument, translations of such additional parts as they deem necessary for a proper understanding of the substance of any such statute, rule, regulation or holding.

(b) <u>Paper and Margins.</u> Briefs shall be printed on 8½" by 11" paper with a one-inch margin on all four sides of text, to include pagination and footnotes.

(c) <u>Spacing, Type and Font Minimal</u>. Briefs shall use the following line format: single spacing for the caption and footnotes, and double-spacing for the main text. All printed matter must appear in at least 11 point type.

(d) <u>Colors of Covers</u>. All briefs shall have a color cover depending on the respective party. Appellant's brief shall have a blue cover; appellee's brief shall have a red cover; and appellant's reply brief shall have a gray cover. The cover of the appendix shall be white.