UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago, | ) ) ) ) | No. 04-CV-12378-RCL |
| Appellant-Creditor, | ) ) ) ) | On appeal from the Bankruptcy Court, Case No. 03-14530 (Ch.7), Hon. Joan N. Feeney, presiding. |
| v. | ) ) | |
| Phillip Hyde, | ) ) | |
| Appellee-Debtor. | ) | |

**FUND'S OPPOSITION TO DEBTOR'S
MOTION TO STRIKE NON-CONFORMING BRIEF**

**I.   Introduction.**

The Fund, though it believes it did not have to, sought leave in this bankruptcy appeal to file an opening principal brief up to 50 pages in length as allowed by Fed.R.Bankr.P. ("BR") 8010(c).[1] After the Fund's 50 page brief was filed, Debtor opposed the Fund's motion on the grounds that brief lengths are controlled by Rule 8010-1(a) of the Local Rules of Bankruptcy Appellate Panel for the First Circuit ("BAP R.").[2] Not content with merely opposing the Fund's motion, Debtor then filed virtually the

---

[1] *See* Fund's Motion for Leave to File Oversized Brief (Docket No. 4).

[2] The Court's November 10, 2004 Order setting the briefing schedule provides that the Fund's opening brief was due November 25. Because the District Court was closed on Thursday, November 25 and Friday, November 26, for the Thanksgiving Holiday, the Fund's due-date defaulted to Monday, November 29. On November 29, before Debtor's Opposition to [the Fund's] Motion to File Oversized Brief was either docketed by the Clerk or received by the Fund, the Fund filed its opening appellate brief.

1

identical document as a Motion to Strike the Fund's brief as "non-conforming." (*Compare* Debtor's Opposition to [Fund's] Motion to File Oversized Brief at ¶¶ 1-9 *with* Debtor's Motion to Strike at ¶¶ 1-9.)  Because the Fund's brief-length falls within the parameters set by the applicable rule, BR 8010(a), and in all other respects conforms with the requirements for bankruptcy appellate briefs, Debtor's motion should be denied. Further, Debtor's motion appears to be moot because he filed a response to the Fund's brief.

    II.    **Argument.**

    A.    **BR 8010(c), which applies in this case, permits the Fund to file an opening principal brief up to 50 pages in length.**

When the Fund filed its notice of appeal it simultaneously filed an election under 28 U.S.C. § 158(c)(1) to proceed before the District Court instead of the Bankruptcy Appellate Panel.  The rules governing bankruptcy appeals are set forth in Part VIII of the Federal Rules of Bankruptcy Procedure, titled "Appeals to District Court or Bankruptcy Appellate Panel."  Because the Fund filed an election to proceed before the District Court, the Rules set forth in Part VIII apply.  BR 8010(c) in relevant part provides:

> **Length of briefs.**  Unless the district court or the bankruptcy appellate panel by local rule or order otherwise provides, principal briefs shall not exceed 50 pages, . . . exclusive of pages containing the tables of contents, tables of citations, and any addendum containing statutes, rules, regulations, or similar material.

Rule 203 of the Local Rules of the U.S. District Court for the District of Massachusetts ("LR") governing bankruptcy appeals is silent as to brief length.  Thus,

BR 8010(c) applies and the Fund's principal brief to this District Court may be up to, but not exceed, 50 pages.

Debtor's contention that BAP R. 8010-1(a) governs brief lengths before this Court is wrong and should be rejected. The BAP Rules expressly state that they apply only to proceedings before the BAP:

> **Purpose of the Local Rules for the Bankruptcy Appellate Panel for the First Circuit.** The following Local Rules for the First Circuit Bankruptcy Appellate Panel (BAP) govern practice before the BAP.

There is nothing in either the BAP Rules or the Local Rules that states, or even suggests, that the BAP Rules apply to bankruptcy appeals before the District Court. The Fund relied on the correct rule for determining the length of its brief. Debtor's reliance on the incorrect and inapplicable rule dooms his motion.

Yet even assuming the BAP Rules apply, Debtor's motion cannot be sustained. Debtor is correct that BAP R. 8101-1(a) on its face limits opening briefs to 30 pages. (Motion to Strike at ¶ 5.) But his unsupported contention that the 30 page limit applies without exception because the rule "contains no provision or mechanism to allow a litigant to seek an increase in the page limitation of briefs" is absurd and misses the mark. (*Id.* at ¶ 7.) Nothing in BAP Rule 8010-1 or any other BAP Rule expressly precludes a litigant from seeking leave of court to file a brief over 30 pages, or even remotely suggests it. Indeed, BAP R. 8011-1(a) governing motion practice before the BAP, places no limit on the kinds of motions that may be filed with the Panel. As it goes without saying that a motion to file an oversized brief can be brought under BAP R. 8011,

3

Debtor's argument fails. (However, should the Court determine that the BAP Rules apply, the Fund requests that the Court consider its motion for leave to file an oversized brief as one under BAP R. 8011, and grant it as such.)

Further, assuming the BAP Rules apply, Debtor's linking BAP R. 8010-1 with Rule 32(a)(7) of the Federal Rules of Appellate Procedure ("FRAP") concerning brief lengths actually backfires against him.[3] (Motion to Strike at ¶ 9.) Contrary to Debtor's assertion, the 30 page "limit" established by FRAP 32(a)(7)(A) is not absolute; a longer brief is permitted if it complies with the type-volume limitation outlined in subdivision (B) of the rule. (*See* fn. 3, below.) For example, a 55 page brief containing 14,000 words complies with FRAP 37. (*Id.*) Thus, Debtor's contention that BAP R. 8010-1 incorporates the "limits" set by Fed.R.App.P. 32(a)(7), requires the denial of Debtor's motion because the Fund's 50 page brief contains 11,678 words ("no more than 14,000 words") and, as such, complies with the rule's type-volume limitation.

> **B.    The Fund's brief fully complies with the form and structure requirements of BR 8010(a).**

Debtor's threshold assertion that the Fund's brief is "non-conforming" is without merit. The Fund's brief contains separately headed sections for: the table of contents; the table of authorities; a statement setting forth the basis of appellate jurisdiction; a

---

[3] Fed.R.App.P. 32(a)(7) **Length. (A) Page limitation.** A principal brief may not exceed 30 pages, . . . unless it complies with Rule 32(a)(7)(B) and (C). **(B) Type-volume limitation. (i)** A principal brief is acceptable if: (a) it contains no more than 14,000 words; or (b) it uses a monospaced face and contains no more than 1,300 lines of text. (Subdivision (C) sets forth the requirements for the "certificate of compliance" if a brief's length is determined under subdivision (B) rather than subdivision (A).

statement of the issues on appeal; the standard of review applicable to those issues; a statement of the case describing the case's nature, the course of proceedings below, and the disposition in the court below; a statement of facts; an argument; and a conclusion, and thus satisfies every requirement of BR 8010(a)(1) governing the form of the appellant's brief. Contrary to Debtor's assertion, a brief is "non-conforming" or deficient only if it fails to follow these requirements, which is not the case here. *See e.g. In re Seller,* 251 B.R. 689 (S.D.Miss.2000) (brief failing to meet specific form requirements of Fed. R. Bankr. P. 8010(a) deemed deficient), *affirmed,* 234 F.2d 28; *Nicoladze v. Lawler,* 86 B.R. 69 (Bankr.N.D.Tex.1988) (brief containing one section entitled statement of facts and another section entitled argument and authorities, deemed deficient). Even assuming the BAP Rules apply, the Fund's brief is fully compliant as to form and structure. The BAP Rules supplement the Federal Rules of Bankruptcy Procedure in cases before the Panel (of which this case is not). And, in those cases, nothing in BAP R. 8010-1 or any other BAP Rule alters the form and structure requirements of BR 8010(a).

Finally, Debtor cites no legal basis for striking the Fund's brief. Generally, a court will only strike a brief or those parts of it that argue facts or contain materials that are not in the record on appeal. *Smith & Wesson, Division of Bangor Punta Corp. v. U.S.,* 782 F.2d 1074 (1st Cir.1986); *Russell's Garden Center, Inc. v. Nextel Communications of the Mid-Atlantic, Inc.,* 296 F.Supp.2d 13, 20 (D.Mass.2003) (denying motion to strike, and noting the "proper remedy is . . . to consider those parts [of the brief] that are relevant and helpful, and not consider the parts of the filing that are irrelevant and specious.") That is not the case here, nor does Debtor allege it is.

In sum, the Fund's brief complies with the applicable rule (BR 8010) governing the form, structure, and length of its brief. Debtor has failed to cite any authority whatsoever – either Rule or case law – to support his motion and, moreover, fatally relies on the incorrect rule. The sole basis alleged by Debtor's motion simply is not a valid basis for the relief he seeks. Moreover, Debtor appears to have mooted his motion by responding to the Fund's brief. This case presents an issue of great importance and of *first impression* in this District. Justice requires that both parties have the opportunity to fully present their case. The Fund needs 50 pages to do so and has sought leave to file an oversized brief to protect itself in the event there is a conflict among the rules. The Fund's motion should be granted, and Debtor's motion to strike should be denied.

### III.  Conclusion.

The Court should deny Debtor's Motion to Strike. However, should the Court grant Debtor's motion, the Fund requests a short extension of four (4) business days after the ruling to re-file its brief in accordance with the ruling.

                                                             Respectfully submitted,

Dated:  December 15, 2004               William W. Leathem
                                                         Attorney for Appellant-creditor Board of
                                                         Trustees of the Public School Teachers'
                                                         Pension and Retirement Fund of Chicago
                                                         Jacobs Burns Orlove Stanton &
                                                           Hernandez
                                                         122 S. Michigan Avenue, Suite 1720
                                                         Chicago, IL 60603
                                                         (312) 372-1646

                    <u>/s/ William R. Moorman, Jr.</u>  
                    William R. Moorman, Jr. (BBO # 48593)  
                    Craig and Macauley  
                      Professional Corporation  
                    Federal Reserve Plaza  
                    600 Atlantic Avenue  
                    Boston, MA 02210  
                    (617) 367-9500