the letter and spirit of the law ..." at 492.

As stated in *THE GOOD FAITH FABLE OF 11 U.S.C., § 707(a); HOW BANKRUPTCY COURTS HAVE INVENTED A GOOD FAITH FILING REQUIREMENT FOR CHAPTER 7 DEBTORS*:

> Having no foundation in either the text or the purpose of the Bankruptcy Code, the requirement of "good faith" in chapter 7 filings can only be explained as a creature of judges presuming to make. Unfortunately, however, this judicial imposition is based on inapposite case laws concerning chapter 11 and 13 filings, and on simplistic pronouncements regarding the "worthiness" of the bankruptcy petitioner and the overall purpose of the Bankruptcy Code." Using 11 U.S.C., § 707(a), for a purpose which Congress had not intended makes it a "mechanism" by which courts, without the express or even implied direction of Congress, deny a debtor's right to the bankruptcy forum on the basis of a nonstandard "smell test." 13 Bank. Dev. J. 61, 77.

Chief Bankruptcy Judge Scholl, determining that the Court would not follow the "good faith" filing requirement test stated, "[p]hilosophically, we are unwilling to assign a value to the various purposes served by, and benefits provided to, debtors under the Bankruptcy Code. The Code provides what it provides and debtors are free to take from it whatever benefits of which they can avail themselves. We do not consider it appropriate to determine one benefit as more "proper" than another. *In re Landes*, 195 B.R. 855. (Bankr. E.D.Pa 1996)."[29]

The 4th Circuit, in *In re Green*, 934 F.2d 568, 571 (4th Cir. 1991), in dictum, suggested that "bad faith" may only be considered under § 707(b).

In *In re Victoria Limited Partnership*, 187 B.R. 54 (Bankr. D. Mass 1995), Judge Queenan, in a lengthy, scholarly decision, determined that the "good faith" doctrine was "an amorphous gestalt, devoid of reasoning and impenetrable to understanding."

The *Victoria Limited* Court further stated that a remedy for dishonesty has a place in bankruptcy law, "[b]ut the good faith filing doctrine has nothing to do with dishonesty." The Fund has remedies for the Debtor's actions, those remedies include objections to Debtor's discharge and the dischargeability of its claim.

The Bankruptcy Court was correct in determining that the Code does not subject the

---

[29] *See*, footnote 28, *supra*.

Debtor to incomprehensible tests.

### III.   THE FUND'S MOTION WAS NOT TIMELY FILED

As noted by the Court in *Marsico*, a delay in filing a motion to dismiss "might be unfair or unjust to a debtor, trustee, or other party in interest resulting in denial based upon laches." At 7. In the instant case, the Debtor filed for relief on *May 28, 2003*. The Fund filed its adversary complaint on *August 13, 2003*, objecting to the dischargeability of its debt and the Debtor's discharge. The Debtor filed a motion to avoid the Fund's lien on *January 29, 2004* and the Bankruptcy Court avoided the Fund's lien by Order dated *June 18, 2004*, and on said date issued it MEMORANDUM on the Fund's motion for summary judgment in the adversary proceeding. The Fund then filed its motion to dismiss the case on *July 28, 2004*.

The Debtor, the Bankruptcy Court, the Chapter 7 Trustee, and the Debtor have each expended a significant amount of time on the case. Other than filing the necessary motions to receive the relief provided to the Debtor under the Code, the Debtor has taken no action, post petition, which would provide the Fund with grounds to support a motion to dismiss. If the Fund believed that a meritorious motion could be filed seeking dismissal of the Debtor's proceeding, that motion should have been filed much earlier than *July 28, 2004*, a date which is approximately fourteen (14) months subsequent to the petition date. As the Fund has actively participated in the case by attending the meeting of creditors, opposing the MOTION TO ESTABLISH VALUE, opposing the MOTION TO AVOID LIEN, bringing an adversary action, pursuant to 11 U.S.C., § 523 and 11 U.S.C., § 727, appealing the Bankruptcy Court's order avoiding the Fund's lien, and as the Chapter 7 Trustee has expended a significant amount of time in the case, the Fund's Motion could have properly been denied by the Bankruptcy Court based upon laches.[30]

### IV.   DISMISSAL OF THE PETITION WOULD NOT FULFILL THE PURPOSE OF THE CODE BUT WOULD DISTORT THE PURPOSES OF THE CODE

In essence, the Fund's argument is that because it holds a nondischargeable claim against

---

[30]As noted by the Fund (Fund Brief at 41), the Trustee holds $5,639.00 in the estate.

the Debtor, the Debtor is not entitled to any relief under the Code and the Debtor is not entitled to retain his exempt assets.

To draw the Fund's argument to its logical conclusion, whenever there is a creditor that holds a nondischargeable debt, the debtor should not be entitled to any exemption, whatsoever. Clearly, the Fund either misreads the Code or desires that this Court take a position which is not consistent with the Code. Allowing the Fund the relief which it seeks would distort the purposes of the Code as it would effectively strip the Debtor of his exemptions, and effectively allow the Fund to take steps necessary to initiate a sheriff's sale to sell the Debtor's and his son's residence and to evict Mr. Hyde and his minor son.

## CONCLUSION

The Bankruptcy Court's order denying the Fund's MOTION TO DISMISS UNDER §707(a) should not be reversed. If this Court does find that the Bankruptcy Court abused its discretion and committed reversible error, the case should be remanded to the Bankruptcy Court.

Respectfully Submitted,

PHILLIP W. HYDE
By his attorney,

Richard L. Blumenthal, Esq.
BBO #047150
SILVERMAN & KUDISCH, P.C.
1320 Centre Street, Suite 203
Newton Center, MA 02459
(617) 527-1150

Dated: December 10, 2004
bkcy\hyde\appeal\reply.brf

I hereby certify that a true copy of the above document was served upon the attor    of record for each other party by ___ mail ___ hand on 12/1/04

18

# ADDENDUM

## ADDENDUM

Page

A.  MEMORANDUM  ON TRUSTEE'S MOTION TO SELL
    AND DEBTOR'S HOMESTEAD EXEMPTION (Feiner)........................    1-8

B.  ELLIOT J. FEINER DOCKET (Docket No. 02-12235-JNF) .....................    9-23

C.  11 U.S.C., § 707 ............................................................................    24

# United States Bankruptcy Court
## District of Massachusetts

~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**ELLIOT J. FEINER,**
    Debtor

Chapter 7
Case No. 02-12235-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~

## MEMORANDUM ON TRUSTEE'S MOTION TO SELL
## AND DEBTOR'S HOMESTEAD EXEMPTION

## I. INTRODUCTION

The matter before the Court for determination is the Motion of Chapter 7 Trustee for Authority to Sell Condominium Unit and Parking Spaces at Private Sale Pursuant to 11 U.S.C. § 363 and for Authority to Disburse Proceeds (the "Sale Motion"). Through the Sale Motion, the Trustee seeks 1) an order approving of the sale of the Debtor's condominium unit # 1102, located at 10 Rogers Street, Cambridge, Massachusetts, together with two parking spaces (the "Property") for the sum of $840,000; and 2) authority to distribute the proceeds of the sale to holders of claims against the property, including the City of

1



Cambridge for real estate taxes, The River Court Condominium Trust for condominium fees, Bankers Trust Company of California for outstanding mortgage debt, Codman Real Estate for a brokerage commission, and to satisfy usual and customary closing costs associated with the sale. Additionally, the Trustee seeks to distribute proceeds to the Debtor, Elliot J. Feiner (the "Debtor"), on account of his claim of homestead and to the Debtor's non-debtor spouse on account of her tenancy by the entirety interest in the Property.[1] He represents in the Sale Motion that the estate will hold the balance of the proceeds and that any remaining lien claims will attach to the proceeds to the same extent and in the same priority as existed as of the petition date.

Creditors of the Debtor, Richard A. Coffman, Neal B. Coffman, Michael Coffman and William L. Kams, Trustee of the Neal Investment Trust (the "Coffman Group") and Linn A. Anderson, Robert A. Anderson, Diane M. Cummings, R. Taber Hand, Margot C. Hand, Julia B. Hand, Laurie Foster, Jim Robbins, Karin Fickett, Anita Meyer and Plus Design, Inc. (the "Anderson Group")(collectively the "Creditors") filed oppositions to the Sale Motion and objections to the Debtor's homestead exemption claim.

The Debtor filed a Motion for Summary Judgment as to the Objections to his claim of homestead exemption which the Coffman Group and Anderson Group oppose.  In

---

[1] The Trustee does not intend to distribute any proceeds of the sale to the Anderson Group or the Coffman group on the grounds that their attachments are voidable as preferential transfers under 11 U.S.C. § 547(b) as they were obtained within ninety days of the date of the filing of the bankruptcy petition.  The Coffman Group and the Anderson Group acknowledge the voidability of their judicial liens and do not seek distribution of any proceeds of the proposed sale.

2

support of their respective positions, the parties have submitted 1) the Affidavit of William L. Kams; 2) the Affidavit of John C. Ottenberg; 3) the Affidavit of Thomas James Morrissey; 4) the Affidavit of Elliot J Feiner; and 5) the Response of Debtor to Objections to the Debtor's Claim of Homestead Exemption and Incorporated Memorandum of Law.

The Court held a hearing on March 3, 2003. Upon consideration of the pleadings, affidavits, and briefs, as well as the provisions of 11 U.S.C. §§ 363(b), (f), (h), and (j), 522(b)(2)(B), Mass. Gen. Laws ch. 188 § 1 and case law interpreting those statutes, as well as the entire record of proceedings in this case, the Court now makes the following findings of fact and rulings of law.

## II. POSITIONS OF THE PARTIES

The Trustee proposes to sell the Debtor's Property to Michael and Deborah Pascavage for the sum of $840,000, to satisfy outstanding valid liens and closing costs, to distribute to the debtor the amount of his claimed homestead exemption, and to divide the balance of the proceeds between the estate and the non-debtor spouse. The Coffman Group and the Anderson Group do not object to the Trustee's proposed sale. Their objections are limited to the manner in which the Trustee proposes to distribute the proceeds of the sale. At the hearing held on March 3, 2003, counsel to both the Coffman Group and the Anderson Group agreed that the Trustee should sell the Property to the proposed buyers for the purchase price stated in the purchase and sale agreement and that the Trustee should pay outstanding real estate taxes, municipal charges, principal and interest due on the outstanding mortgage, and the brokers' commission. They represented

3

that they only object to the distribution of proceeds to the Debtor on account of his claimed homestead exemption. The Creditors argued that the Debtor is not entitled to his homestead exemption because it was filed on the eve of bankruptcy and, in their view, was obtained fraudulently and in bad faith. In their pleadings, the Creditors also objected to any distribution to Ronda Feiner, the Debtor's non-debtor spouse. At the hearing and in pleadings filed with the Court, the Debtor argued that he is entitled to his homestead exemption as a matter of law.

## III. DISCUSSION

At the hearing neither the Debtor nor the Creditors requested an evidentiary hearing. Moreover, the Court finds that these contested matters raise no genuine issues of material fact. Accordingly, the Court is able to decide these matters as a matter of law.

The homestead statute must be construed liberally in favor of homeowners. Dwyer v. Cempellin, 424 Mass. 26, 30 (1996). The purpose of the homestead exemption "is to protect the home from the claims of creditors for the benefit of the homestead declarant and his or her family" and to prevent them from becoming public charges. Id. at 29-30. In determining the validity of a debtor's homestead exemption, the Court must analyze the Debtor's compliance with the language of the statute. See In re Garran, 274 B.R. 570 (Bankr. D. Mass. 2002).

Section 1 of Mass. Gen. Laws ch. 188 provides that an owner who occupies or intends to occupy a principal residence may acquire a homestead. A debtor satisfies the requirement of occupancy if he *either* resides at the principal residence when the homestead

4

*4*

was declared or if he shows he intended to occupy the homestead as a principal residence as of the date of declaration. *See* In re Webber, 278 B.R. 294 (Bankr. D. Mass. 2002); In re Taylor, 280 B.R. 294 (Bankr. D. Mass. 2002); In re Roberts, 280 B.R. 540 (Bankr. D. Mass. 2001); In re Sebio, 237 B.R. 1 (Bankr. D. Mass. 1999); In re Ballarino, 233 B.R. 11 (Bankr. D. Mass. 1999). Because the statute is phrased in the alternative by use of the word *"or,"* the Debtor is not required to establish both occupancy and intent to occupy for an unspecified future time.

There is no genuine issue of fact that the Debtor lived in and occupied the Property on the date he declared the homestead. The Debtor has established his occupancy as of the date of declaration of the homestead through competent evidence, which the objecting parties have failed to rebut.

Even assuming that the Debtor intended to sell the Property when he declared the homestead, this fact does not invalidate the homestead under Massachusetts law because the Debtor established occupancy as of the date he declared his homestead and filed his bankruptcy petition. The Court finds that the Creditors' arguments are inconsistent with the language and the purpose of the homestead exemption. The Court rejects the Creditors' argument that the Debtor's intent to sell the Property, either before or after the acquisition of his estate of homestead, invalidates his homestead of exemption as their argument is contrary to the plain language of the statute.

Furthermore, the Court rejects the Creditors' argument that the homestead exemption is invalid because it was declared with a fraudulent purpose and in bad faith as it was

recorded on the eve of bankruptcy, thus preventing collection of their claims from the equity in the Debtor's home. The effect of the Massachusetts homestead exemption statute is to place the Debtor's equity in the Property beyond the reach of creditors. "The very purpose of the homestead law is to put the homestead beyond the reach of creditors [to the extent of the amount of monetary exemption]. The Debtor can hardly be faulted for having done what the law permits him to do." In re Miller, 113 B.R. 98, 104-05 (Bankr. D. Mass. 1990). Thus, the Debtor's motivation to protect the equity in his home from the claims of creditors is a legitimate method of asset protection sanctioned by the statute and encouraged by Massachusetts Supreme Judicial Court, and cannot be considered "fraud" or "bad faith." See Id. at 105 (A debtor's conversion of non-exempt assets into exempt assets on the eve of bankruptcy in order to shield the assets from creditors is not in itself fraudulent.). See also Norwest Bank Nebraska, N.A. v. Tveten, 848 F.2d 871, 873-874 (8th Cir.1988); Ford v. Poston, 773 F.2d 52, 54-55 (4th Cir.1985); First Texas Savings Association, Inc. v. Reed, 700 F.2d 986, 990-991 (5th Cir.1983); In re Oliver, 38 B.R. 407, 409 n. 4 (Bankr. D. Mass. 1984); and In re White, 28 B.R. 240, 242-243 (Bankr. E.D. Va. 1983). Although the court in Miller noted that "a conversion can be fraudulent if the movant can show 'extrinsic evidence' of fraud," 113 B.R. at 105, the Creditors in the this case neither alleged nor proffered such evidence in their affidavits or otherwise.

Because the Creditors have failed to sustain their burden of proving that the Debtor is not entitled to his homestead exemption, see 11 U.S.C. § 522(l); Fed. R. Bankr. P. 4003 (c), the Court finds that the Debtor is entitled to judgment as a matter of law. Thus, the Debtor

is entitled to his homestead exemption under Mass. Gen. Laws ch. 188 § 1.

In their oppositions to the Sale Motion, the Creditors also challenge the Trustee's proposed distribution of a portion of the sale proceeds to Ronda Feiner, maintaining that she is not entitled to fifty percent of the balance of the proceeds of the sale after deduction for payments of liens, closing costs, and the Debtor's exemption. Neither the Coffman Group's attorney nor the Anderson Group's attorney, however, addressed or mentioned the proposed distribution to Ronda Feiner at the hearing held on March 3, 2003. Although the Creditors made the argument in their pleadings, they did not develop a record on the issue. Accordingly, the Court considers the argument waived. *See* <u>Violette v. Smith & Nephew Dyonics, Inc.</u>, 62 F. 3d, 8, 10-11 (1st Cir. 1995); <u>In Re Giordano</u>, 234 B.R. 645, 649 (Bankr. E.D. Penn. 1999) . *Cf.* <u>Wallace Motor Sales, Inc. v. American Motors Sales Corp.</u>, 780 F. 2d 1049, 1067(1st Cir. 1985).

Even considering the substance of the Creditors' oppositions to the proposed distribution to Ronda Feiner, the Court rejects the Creditors' argument that the Debtor's non-debtor spouse is not entitled to distribution on account of her interest as a tenant by the entirety. Section 363(j) of the Bankruptcy Code provides that after the sale of property in which the estate and a co-owner such as a tenant by the entirety have an interest, "the trustee shall distribute to the debtor's spouse . . . and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such spouse or co-owners, and of the estate." 11 U.S.C. § 363 (j). The Creditors have failed to show why the Trustee's proposed distribution is not

-7-



appropriate or why the non-debtor spouse is not entitled to receive an equal share of the equity she shares in the Property as a tenant by the entirety pursuant to Mass. Gen. Laws ch. 209, § 1.

## IV. CONCLUSION

In view of the foregoing, the Court shall enter an order granting the Debtor's Motion for Summary Judgment, overruling the Objections to the Debtor's claim of homestead exemption filed by the Coffman Group and the Anderson Group, approving the Debtor's homestead exemption in the sum of $300,000, and granting the Sale Motion. The Court authorizes the Trustee to distribute the proceeds of the sale, after payment of closing costs and the claims of valid lienholders, to the Debtor in the sum of $300,000 and to Ronda Feiner on account of her fifty percent ownership interest, with the balance to be paid to the estate.

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated: March 7, 2003
cc: Donald F. Farrell, Jr., Esq., Richard N. Gottlieb, Esq., John C. Ottenberg, Esq., Thomas J. Morrissey, Esq., Christopher M. Lefebvre, Esq.

-8-

*Assigned to:* Judge Joan N. Feeney
Chapter 7
Voluntary
Asset

*Date Filed:* 03/28/2002

**Elliot J. Felner**
River Court 1102
Ten Rogers St.
Cambridge, MA 02142
SSN: xxx-xx-8607
*Debtor*

represented by **Richard N. Gottlieb**
Law Offices of Richard N. Gottlieb
Eleven Beacon Street
Suite 625
Boston, MA 02108
(617) 742-4491
Email: rng.gottlieblaw@verizon.net

**John Aquino**
Anderson & Aquino, LLP
260 Franklin Street
Boston, MA 02110
617-439-3500
*Trustee*

| Filing Date | # | Docket Text |
|---|---|---|
| 03/28/2002 | 1 | Voluntary Chapter 7 Petition ( Filing Fee $ 200.00 Rcpt # 480283) missing documents: All Schedules a-j Statement of Financial Affairs Due on 4:30 4/12/02 Statement of Intent due by 4:30 4/29/02 (cw) (Entered: 03/28/2002) |
| 03/28/2002 |  | Matrix. (cw) (Entered: 03/28/2002) |
| 03/28/2002 | 2 | Disclosure of Compensation filed by Attorney Richard N. Gottlieb for the Debtor in the amount of $ 5500.00. (cw) (Entered: 03/28/2002) |
| 03/28/2002 |  | First Meeting of Creditors scheduled For 9:30 5/3/02 At 10 Causeway Street, Room 255-B Last Day To Oppose Discharge: 4:30 7/2/02 Notice to be mailed within two weeks. (cw) (Entered: 03/28/2002) |
| 03/28/2002 | 3 | Certificate of Appointment and Acceptance of Trustee Joseph Butler and Fixing of Bond. (cw) (Entered: 03/28/2002) |
| 03/28/2002 | 4 | Order to Update Petition. Incomplete Filing; missing documents: All Schedules a-j Statement of Financial Affairs ; Missing Documents Due 4:30 4/12/02 ; Statement of Intent Due 4:30 4/29/02 (cw) (Entered: 03/28/2002) |
| 04/04/2002 | 5 | Court's Notice of the First Meeting being sent to the Bankruptcy Noticing Center. (auto) (Entered: 04/04/2002) |
| 04/07/2002 | 6 | First Meeting Certificate of Mailing. (auto) (Entered: 04/07/2002) |
| 04/09/2002 | 7 | Trustee's Rejection Of Appointment. Involvement Of Trustee Joseph G. Butler Terminated. (sja) (Entered: 04/09/2002) |
| 04/11/2002 |  | Amended Matrix. (sja) (Entered: 05/16/2002) |
| 04/12/2002 | 8 | Disclosure of Compensation filed by Attorney Richard N. Gottlieb for the Debtor in the amount of $ 5,500.00. (sja) (Entered: 04/15/2002) |
| 04/12/2002 | 9 | Statement of Financial Affairs. (sja) (Entered: 04/15/2002) |
| 04/12/2002 | 10 | Schedules A Through J With Declaration And Summary Of Schedules Page. (sja) (Entered: 04/15/2002) |

9

| Date | No. | Description |
|---|---|---|
| 04/12/2002 | 11 | Statement of Intent. (sja) (Entered: 04/15/2002) |
| 04/17/2002 | 12 | Certificate of Appointment and Acceptance of Trustee Joseph Braunstein and Fixing of Bond. (mjv) (Entered: 04/17/2002) |
| 04/17/2002 | | First Meeting of Creditors rescheduled For 1:00 5/21/02 At 10 Causeway Street, Room 255-B Last Day To Oppose Discharge: 4:30 7/22/02 Notice to be mailed within two weeks. (mjv) (Entered: 04/17/2002) |
| 04/22/2002 | 13 | Court's Notice of the First Meeting being sent to the Bankruptcy Noticing Center. (auto) (Entered: 04/22/2002) |
| 04/25/2002 | 14 | First Meeting Certificate of Mailing. (auto) (Entered: 04/25/2002) |
| 04/25/2002 | 15 | Trustee's Rejection Of Appointment. Involvement Of Trustee Joseph Braunstein Terminated. (cpd) (Entered: 04/26/2002) |
| 04/29/2002 | 16 | Court's Notice of the First Meeting being sent to the Bankruptcy Noticing Center. (auto) (Entered: 04/29/2002) |
| 05/01/2002 | 17 | Certificate of Appointment and Acceptance of Trustee Jonathan Yellin and Fixing of Bond. (mjv) (Entered: 05/01/2002) |
| 05/01/2002 | | First Meeting of Creditors rescheduled For 9:00 6/10/02 At 10 Causeway Street, Room 255-B Last Day To Oppose Discharge: 4:30 8/9/02 Notice to be mailed within two weeks. (mjv) (Entered: 05/01/2002) |
| 05/02/2002 | | First Meeting of Creditors is scheduled For 9:00 6/12/02 At 10 Causeway Street, Room 255-B Last Day To Oppose Discharge: 4:30 8/12/02 Notice to be mailed within two weeks. (kmp) (Entered: 05/02/2002) |
| 05/02/2002 | 18 | Certificate of Appointment and Acceptance of Trustee John Aquino and Fixing of Bond. (kmp) (Entered: 05/02/2002) |
| 05/02/2002 | 19 | First Meeting Certificate of Mailing. (auto) (Entered: 05/02/2002) |
| 05/06/2002 | 20 | Court's Notice of the First Meeting being sent to the Bankruptcy Noticing Center. (auto) (Entered: 05/06/2002) |
| 05/09/2002 | 21 | First Meeting Certificate of Mailing. (auto) (Entered: 05/09/2002) |
| 05/15/2002 | 22 | Application By Chapter 7 Trustee To Employ As Counsel To The Trustee The Firm Of Anderson Aquino LLP With Affidavit In Support. c/s (sja) (Entered: 05/15/2002) |
| 05/15/2002 | 23 | Amended Schedule F With Declaration And Amended Summary Of Schedules Page. (sja) (Entered: 05/16/2002) |
| 05/16/2002 | | Amended Matrix. (sja) (Entered: 05/16/2002) |
| 05/16/2002 | 24 | ENDORSEMENT ORDER: [22-1] Application By Chapter 7 Trustee To Employ As Counsel To The Trustee The Firm Of Anderson Aquino LLP . APPLICATION APPROVED. (sja) (Entered: 05/17/2002) |
| 05/16/2002 | 26 | Notice Of Amendments By Debtor Re: Matrix (sja) (Entered: 05/17/2002) |
| 05/17/2002 | 25 | Notice of Added Creditors by the Court re: [23-1] Amended Schedule F. Deadline for New Cred.: 8/12/02 (sja) (Entered: 05/17/2002) |
| 05/20/2002 | 27 | Courts Certificate of Mailing Re: Added Creditors Notice [25-1] (auto) (Entered: 05/20/2002) |
| 05/22/2002 | 28 | Notice of Appearance And Request For Service Of Notice By John C. Ottenberg For Neal Coffman, Et. Al., Trustee Of Neal Investment Trust. c/s (sja) (Entered: 05/22/2002) |
| 06/03/2002 | 29 | Notice of Appearance And Request For Service Of Notice By Christopher M. Lefebvre For Ronda Feiner. c/s (sja) (Entered: 06/03/2002) |

*10*

| 06/10/2002 | 30 | Notice of Appearance And Request For Service Of Notice By Richard T. Mulligan For Bankers Trust Company Of California As Trustee. c/s (sja) (Entered: 06/11/2002) |
|---|---|---|
| 06/10/2002 | 31 | Motion By Bankers Trust Company Of California As Trustee For Relief from Automatic Stay (10 Rogers Street, Cambridge, MA) With Certificate of Service. (sja) (Entered: 06/11/2002) |
| 06/11/2002 | | Last day for Objections to [31-1] Motion By Bankers Trust Company Of California As Trustee For Relief from Automatic Stay (10 Rogers Street, Cambridge, MA) Due On 6/21/02 By 4:30 p.m. (sja) (Entered: 06/11/2002) |
| 06/12/2002 | | First Meeting Held and Examination of Debtor. July 26, 2002 at 9 a.m. (kmp) (Entered: 06/13/2002) |
| 06/13/2002 | 32 | Notice of Appearance And Request For Service Of Notice By Laura White Brandow For River Court Condominium Trust. c/s (sja) (Entered: 06/13/2002) |
| 06/13/2002 | 33 | Motion By River Court Condominium Trust For Relief from Automatic Stay (Unit 1102, 10 Rogers Street, Cambridge, MA) Certificate of Service. (sja) (Entered: 06/13/2002) |
| 06/13/2002 | | Last day for Objections to [33-1] Motion By River Court Condominium For Relief from Automatic Stay (Unit 1102, 10 Rogers Street, Cambridge, MA) Due On 6/24/02 By 4:30 p.m. (sja) (Entered: 06/13/2002) |
| 06/18/2002 | 34 | Request For Claims Bar Date By Chapter 7 Trustee. (sja) (Entered: 06/19/2002) |
| 06/19/2002 | 35 | Court's Notice of Assets. Last Day to File Claims Is 9/17/02 By 4:30 p.m.; Last Day to File Claims For (gov): 9/17/02 By 4:30 p.m. (sja) (Entered: 06/19/2002) |
| 06/20/2002 | 36 | Opposition By Chapter 7 Trustee To [33-1] Motion By River Court Condominium Trust For Relief from Automatic Stay (Unit 1102, 10 Rogers Street, Cambridge, MA) . c/s (sja) (Entered: 06/21/2002) |
| 06/20/2002 | 37 | Opposition By Chapter 7 Trustee To [31-1] Motion By Bankers Trust Company Of California For Relief from Automatic Stay (10 Rogers Street, Cambridge, M) . c/s (sja) (Entered: 06/21/2002) |
| 06/22/2002 | 38 | Courts Certificate of Mailing Re: Asset Notice [35-1] (auto) (Entered: 06/22/2002) |
| 06/25/2002 | | Hearing Re: [31-1] Motion By Bankers Trust Company For Relief from Automatic Stay (10 Rogers Street, Cambridge, M) Scheduled For 11:00 a.m. On 7/22/02 In Courtroom 1 (sja) (Entered: 06/25/2002) |
| 06/25/2002 | | Hearing Re: [33-1] Motion By River Court Condominium Trust For Relief from Automatic Stay (Unit 1102, 10 Rogers Street, Cambridge, MA) Scheduled For 11:00 7/22/02 at Courtroom 1 (sja) (Entered: 06/25/2002) |
| 06/25/2002 | 39 | Waiver filed by: Richard T. Mulligan For Bankers Trust Company Of California Re: [31-1] Bankers Trust Company For Relief from Automatic Stay (10 Rogers Street, Cambridge, MA). (sja) (Entered: 06/25/2002) |
| 06/26/2002 | 40 | Motion By Plus Design, Inc., Anita Meyer And Karin Ficket To Extend Time To File Complaint Opposing Discharge Or For Determination Of Dischargeability Of Debt Pursuant To 11 U.S.C. Sections 523 And 727 , And For Expedited Determination Re: [40-1] Motion . c/s (sja) (Entered: 06/26/2002) |
| 06/26/2002 | 41 | Motion By Richard A. Coffman, Neal B. Coffman, Michael Coffman And William L. Kams To Extend Time To File Complaint Opposing Discharge Or For Determination Of Dischargeability Of Debt Pursuant To 11 U.S.C. Sections 523 And 727 . c/s (sja) (Entered: 06/27/2002) |
| 06/26/2002 | 41 | Request For Expedited Determination By Richard A. Coffman, Neal B. Coffman, Michael Coffman And William L. Kams Re: [41-1] Motion To Extend Time To File Complaint Opposing Discharge Or For Determination Of Dischargeability Of Debt Pursuant To 11 U.S.C. Sections 523 And 727. (sja) (Entered: 06/27/2002) |
| 06/27/2002 | 42 | Waiver Filed By: River Court Condominium Trust Re: [33-1] Motion For Relief from Automatic Stay (Unit 1102, 10 Rogers Street, Cambridge, MA). (sja) (Entered: 06/27/2002) |
| 06/27/2002 | 43 | Certificate Of Service Of Notice By Laura White Brandow For River Court Condominium Trust Of Hearing Re: [33-1] Motion For Relief from Automatic Stay (Unit 1102, 10 Rogers Street, Cambridge, MA). (sja) (Entered: 06/27/2002) |

| | | |
|---|---|---|
| 06/27/2002 | 44 | Certificate Of Service By Richard T. Mulligan For Bankers Trust Company Of California Of Hearing Re: Motion For Relief from Automatic Stay (10 Rogers Street, Cambridge, M) (sja) (Entered: 06/27/2002) |
| 06/27/2002 | 45 | ENDORSEMENT ORDER: [41-1] Motion By William L. Kams, Michael Coffman, Neal B. Coffman And Richard Coffman To Extend Time To File Complaint Opposing Discharge Or For Determination Of Dischargeability Of Debt Pursuant To 11 U.S.C. Sections 523 and 727 (Extend To 9/2/02) . MOTION ALLOWED. (sja) (Entered: 06/28/2002) |
| 06/28/2002 | | Awaiting Discharge. (Deadline For R. Coffman, N. Coffman, M. Coffman And W. Kams Extended To 9/2/02). (sja) (Entered: 06/28/2002) |
| 06/28/2002 | 46 | Motion By Chapter 7 Trustee To Sell CONDOMINIUM UNIT #1102, 10 ROGERS COURT, CAMBRIDGE, MA INCLUDING PARKING SPACES #6 AND #7 at Private Sale Pursuant to 11 U.S.C. Section 363 and For Authority to Disburse Proceeds . (sja) (Entered: 06/28/2002) |
| 06/28/2002 | 47 | Notice of Appearance And Request For Service Of Notice By Kai W. Lyman, Jim Robbins, Laurie Foster, Shirley Spence, Julia B. Hand, Margaret C. Hand, R. Taber Hand, Diane M. Cummings, Robert A. Anderson And Linn N. Anderson. c/s (sja) (Entered: 06/28/2002) |
| 06/28/2002 | 48 | Motion By Linn N. Anderson, Robert A. Anderson, Diane M. Cummings, R. Taber Hand, Margaret C. Hand, Julia B. Hand, Shirley Spence, Laurie Foster And Jim Robbins For Enlargement Of Time Within Which To File Complaint Opposing Discharge Or For Determination Of Dischargeability Of Debt Pursuant To 11 U.S.C. Sections 523 And 727 And Expedited Determination Requested . c/s (sja) (Entered: 06/28/2002) |
| 06/28/2002 | 49 | ENDORSEMENT ORDER: [40-1] Motion By Karin Ficket, Anita Meyer, And Plus Design, Inc. To Extend Time To File Complaint Opposing Discharge Or For Determination Of Dischargeability Of Debt Pursuant To 11 U.S.C. Sections 523 And 727 And [40-2] Request For Expedited Determination (Extend To 9/2/02) . MOTION ALLOWED. (sja) (Entered: 07/01/2002) |
| 06/28/2002 | 50 | ENDORSEMENT ORDER: [48-1] Motion By Lin Anderson, Robert A. Anderson, Diane M. Cummings, R. Taber Hand, Margaret C. Hand, Julia B. hand, Shirley Spence, Laurie Foster And Jim Robbins For Enlargement Of Time Within Which To File Complaint Opposing Discharge For Determination Of Dischargeability Of Debt Pursuant To U.S.C. Sections 523 And 727 And Request For Expedited Determination (Extend To 8/12/02) . MOTION ALLOWED. (sja) (Entered: 07/01/2002) |
| 06/28/2002 | 51 | Notice of Intended Private Sale To Steven Turner of CONDOMINIUM UNIT #1102, 10 ROGERS COURT, CAMBRIDGE, MA WITH PARKING SPACES #6 aND #7 For the price of $1,000,000.00 filed by Chapter 7 Trustee. Hearing Scheduled for 7/22/02 at 11:00 a.m., Courtroom 1 Obj/Responses, Counteroffer/Bids Due 7/19/02 By 4:30 p.m. (sja) (Entered: 07/03/2002) |
| 07/02/2002 | 52 | Motion By Chapter 7 Trustee For Enlargement Of Time For The Filing Of Complaints Objecting To Debtor's Discharge (Extend To And Including 9/30/02) . c/s (sja) (Entered: 07/03/2002) |
| 07/02/2002 | 53 | ENDORSEMENT ORDER: [52-1] Motion By Chapter 7 Trustee For Enlargement Of Time For The Filing Of Complaints Objecting To Debtor's Discharge . BECAUSE THE TRUSTEE FILED THIS MOTION WITHIN 60 DAYS OF THE FIRST SCHEDULED SECTION 341 MEETING, THE MOTION IS GRANTED AND THE TIME IS EXTENDED UNTIL SEPTEMBER 30, 2002. (sja) (Entered: 07/05/2002) |
| 07/03/2002 | | Hearing Re: [46-1] Motion By Chapter 7 Trustee To Sell CONDOMINIUM UNIT #1102, 10 ROGERS COURT, CAMBRIDGE, MA INCLUDING PARKING SPACES #6 AND #7 at Private Sale Pursuant to 11 U.S.C. Section 363 For Authority to Disburse Proceeds Scheduled for 10:00 a.m. On 7/22/02 In Courtroom 1, Objections to Motion Due On: 7/19/02 By 4:30 p.m. (sja) (Entered: 07/03/2002) |
| 07/03/2002 | 62 | Certificate Of Service By Carla J. Andrade Of Hearing/Response Deadlines Re: [46-1] Motion By Chapter 7 Trustee To Sell CONDOMINIUM UNIT #1102, 10 ROGERS COURT, CAMBRIDGE, MA INCLUDING PARKING SPACES #6 AND #7 at Private Sale Pursuant to 11 U.S.C. Section 363 For Authority to Disburse Proceeds. (sja) (Entered: 07/18/2002) |
| 07/08/2002 | 54 | Application By Chapter 7 Trustee To Employ As Accountant Craig R. Jalbert, CIRA And The Firm Of Verdolino & Lowey, P.C. With Affidavit In Support. c/s (sja) (Entered: 07/09/2002) |
| 07/10/2002 | 55 | Joint Motion By River Court Condominium Trust And Trustee To Continue Hearing On: ([33-1] Motion By River Court Condominium Trust For Relief from Automatic Stay (Unit 1102, 10 Rogers Street, Cambridge, MA) . c/s (sja) (Entered: 07/10/2002) |

12

| | | |
|---|---|---|
| 07/11/2002 | 56 | ENDORSEMENT ORDER: Re: [55-1] Joint Motion By River Court Condominium Trust And The Chapter 7 Trustee To Continue Hearing On: ([33-1] Motion By River Court Condominium Trust For Relief from Automatic Stay (Unit 1102, 10 Rogers Street, Cambridge, MA) . MOTION ALLOWED. (sja) (Entered: 07/11/2002) |
| 07/11/2002 | | Hearing Re: [33-1] Motion By River Court Condominium Trust For Relief from Automatic Stay (Unit 1102, 10 Rogers Street, Cambridge, MA) Continued For 10:00 a.m. On 9/3/02 In Courtroom 1 (sja) (Entered: 07/11/2002) |
| 07/15/2002 | 57 | Agreement (Stipulation) For Judgment Of Non-Dischargeability By Citibank South Dakota, NA And Debtor . (fac) (Entered: 07/15/2002) |
| 07/15/2002 | 58 | Joint Motion By Citibank South Dakota, NA And Debtor To Approve [57-1] Agreement For Judgment Of Non-Dischargeability . (fac) (Entered: 07/15/2002) |
| 07/15/2002 | 59 | Assented ToMotion By Citibank South Dakota, NA And Debtor For Extension Of Bar Date . (fac) (Entered: 07/15/2002) |
| 07/15/2002 | 60 | Certificate Of Service By Lynn Flury For Citibank South Dakota, NA And Debtor Of [57-1] Agreement For Judgment Of Non-Dischargeability, [58-1] Joint Motion To Approve Agreement For Judgment Of Non-Dischargeability And [59-1] Assented To Motion For Extension Of Bar Date. (fac) (Entered: 07/15/2002) |
| 07/15/2002 | 61 | Certificate Of Service By Laura White Brandow For River Court Condominium Trust Of Hearing Re: [33-1] Motion For Relief from Automatic Stay (Unit 1102, 10 Rogers Street, Cambridge, MA). (sja) (Entered: 07/16/2002) |
| 07/18/2002 | 63 | ENDORSEMENT ORDER: Re: [58-1] Motion By Debtor And Citibank South Dakota, NA To Approve [57-1] Agreement For Judgment Of Non-Dischargeability . MOTION ALLOWED. (sja) (Entered: 07/18/2002) |
| 07/18/2002 | 64 | ENDORSEMENT ORDER: Re: [59-1] Assented To Motion By Citibank South Dakota, NA And Debtor For Extension Of Bar Date . THIS MOTION IS MOOT AS THE COURT ALLOWED THE JOINT MOTION TO APPROVE AGREEMENT FOR JUDGMENT OF NON-DISCHARGEABILITY ON JULY 18, 2002. (sja) (Entered: 07/18/2002) |
| 07/19/2002 | 65 | Objection By Richard A. Coffman, Neal B. Coffman, Michael Coffman, and William L. Kams, Trustee Of The Neal Investment Trust, To Debtor's Claim of Exemptions. (sav) (Entered: 07/19/2002) |
| 07/19/2002 | 66 | Objection by Creditors Richard A. Coffman, Neal B. Coffman, Michael Coffman and William L. Kams To [46-1] Motion by Trustee To Sell CONDOMINIUM UNIT #1102, 10 ROGERS COURT, CAMBRIDGE, MA INCLUDING PARKING SPACES #6 AND #7 at Private Sale and For Authority to Disburse Proceeds . Exhibit. (sav) (Entered: 07/19/2002) |
| 07/19/2002 | 67 | Certificate Of Service By John C. Ottenberg for Creditors Of [65-1] Exemption Objection, [66-1] Objection To [46-1] Motion by Trustee To Sell. (sav) (Entered: 07/19/2002) |
| 07/19/2002 | 68 | Motion By Trustee For Entry of Order Approving Compromise between the Estate and Stephen Turner (See Exhibit A) re: [46-1] Motion To Sell. (sav) (Entered: 07/19/2002) |
| 07/19/2002 | 68 | Withdrawal by Trustee of [46-1] Motion To Sell. (sav) (Entered: 07/19/2002) |
| 07/19/2002 | 69 | Certificate Of Service By John Aquino for Trustee Of [68-1] Motion For Entry of Order Approving Compromise between the Estate and Stephen Turner (See Exhibit A) re: [46-1] Motion To Sell, [68-1] Withdrawal of [46-1] Motion to Sell. (sav) (Entered: 07/19/2002) |
| 07/19/2002 | 70 | Objection By Linn N. Anderson, Robert A. Anderson, Diane M. Cummings, R. Hand, Margaret C. Hand, Julia B. Hand, Shirley Spence, Laurie Foster, Jim Robbins To Debtor's Claim Of Exemptions. c/s (sav) (Entered: 07/19/2002) |
| 07/19/2002 | 71 | Opposition In Part Of Linn N. Anderson, Robert A. Anderson, Diane M. Cummings, R. Taber Hand, Margaret C. Hand, Julia B. Hand, Shirley Spence, Laurie Foster, Jim Robbins To [46-1] Motion To Sell . c/s (sav) (Entered: 07/19/2002) |
| | | |

13

| Date | No. | Entry |
|---|---|---|
| 07/22/2002 | 72 | ENDORSEMENT ORDER: Re: [68-1] Motion By Chapter 7 Trustee For Entry of Order Approving Compromise Between The Estate And Stephen Turner (See Exhibit A) On [46-1] Motion To Sell. And [68-2] Withdrawal . THE MOTION IS GRANTED IN SO FAR AS THE TRUSTEE SEEKS PERMISSION TO WITHDRAW HIS MOTION FOR AUTHORITY TO SELL. THE COURT SHALL CONSIDER THE MOTION TO COMPROMISE AFTER NOTICE AND AN OPPORTUNITY FOR A HEARING. (sja) (Entered: 07/22/2002) |
| 07/22/2002 | | Last day for Objections to [68-1] Motion By Chapter 7 Trustee For Entry of Order Approving Compromise between the Estate and Stephen Turner Due On 8/9/02 By 4:30 p.m. (sja) (Entered: 07/22/2002) |
| 07/22/2002 | | Hearing Held Re: [31-1] Motion By Bankers Trust Company Of California For Relief from Automatic Stay (10 Rogers Street, Cambridge, MA). (sja) (Entered: 07/22/2002) |
| 07/22/2002 | 73 | ORDER: Re: [31-1] Motion By Bankers Trust Company Of California For Relief from Automatic Stay (10 Rogers Street, Cambridge, MA) And [37-1] Objection By Chapter 7 Trustee . #31,#37-CONTINUED TO 9/25/02 AT 10:00 A.M. BY AGREEMENT. (sja) (Entered: 07/22/2002) |
| 07/22/2002 | 74 | ORDER: Re: [46-1] (Motion By Chapter 7 Trustee To Sell CONDOMINIUM UNIT #1102, 10 ROGERS COURT, CAMBRIDGE, MA INCLUDING PARKING SPACES #6 AND #7 at Private Sale Pursuant to 11 U.S.C. Section 363 and For Authority to Disburse Proceeds) . #46-WITHDRAWN. (sja) (Entered: 07/22/2002) |
| 07/22/2002 | | Hearing Re: [31-1] Motion By Bankers Trust Company Of California For Relief from Automatic Stay (10 Rogers Street, Cambridge, MA) Continued For 10:00 a.m. On 9/25/02 In Courtroom 1 (sja) (Entered: 07/22/2002) |
| 07/24/2002 | 75 | ENDORSEMENT ORDER: Re: [54-1] Application By Chapter 7 Trustee To Employ As Accountant Craig R. Jalbert, CIRA And The Firm Of Verdolino & Lowey, P.C. . APPLICATION GRANTED. (sja) (Entered: 07/24/2002) |
| 07/24/2002 | 76 | Certificate Of Service Of Notice By Carla J. Andrade Of Response Deadline Re: [68-1] Motion By Chapter 7 Trustee For Entry of Order Approving Compromise between the Estate and Stephen Turner (See Exhibit A) re: [46-1] Motion To Sell. (sja) (Entered: 07/25/2002) |
| 07/26/2002 | | First meeting not held. Meeting Rescheduled to 8/16/02 @ 9:00 a.m. (cb) (Entered: 08/08/2002) |
| 07/31/2002 | | Hearing Re: [65-1] Objection By Richard A. Coffman, Neal B. Coffman, Michael Coffman And William L. Kams, Trustee Of The Neal Investment Trust, To Debtor's Claim Of Exemptions Scheduled For 10:00 a.m. On 9/25/02 In Courtroom 1; Objections to Motion Due On: 8/26/02 By 4:30 p.m. (sja) (Entered: 07/31/2002) |
| 07/31/2002 | | Hearing Re: [70-1] Objection By Linn N. Amerson, Diane M. Cummings, R. Taber Hand, Margaret C. Hand, Julia B. Hand, Shirley Spence, Laurie Foster And Jim Robbins To Debtor's Claim Of Exemptions Scheduled For 10:00 a.m. On 9/25/02 In Courtroom 1; Objections to Motion Due On: 8/26/02 By 4:30 p.m. (sja) (Entered: 07/31/2002) |
| 08/02/2002 | 77 | Response And Incorporated Memorandum Of Law Of Debtor To [65-1] Objection By Richard A. Coffman, Neal B. Coffman, Michael Coffman And William L. Kams, Trustee Of The Neal Investment Trust To Debtor's Of Exemption And [70-1] Objection by Linn N. Anderson, Robert A. Anderson, Diane M. Cummings, R. Taber Hand, Margaret C. Hand, Julia B. Hand, Shirley Spence, Laurie Foster And Jim Robbins To Debtor's Claim Of Exemptions. (Exhibits) c/s (sja) (Entered: 08/02/2002) |
| 08/05/2002 | 78 | Certificate Of Service By Kai W. Lyman For Jim Robbins, Laurie Foster, Shirley Spence, Julia B. Hand, Margaret C. Hand, R. Taber Hand, Diane M. Cummings, Robert A. Anderson And Linn N. Anderson Of Hearing/Response Deadline Re: [70-1] Objection By Linn N. Amerson, Diane M. Cummings, R. Taber Hand, Margaret C. Hand, Julia B. Hand, Shirley Spence, Laurie Foster And Jim Robbins To Debtor's Claim Of Exemptions. (sja) (Entered: 08/06/2002) |
| 08/07/2002 | 79 | Application By Chapter 7 Trustee To Employ as Real Estate Broker, Lynn Moore Of Codman Real Esta With Affidavit. c/s (sja) (Entered: 08/08/2002) |
| 08/08/2002 | 80 | Objection By Ronda Feiner To [68-1] Motion By Chapter 7 Trustee For Entry of Order Approving Compromise between the Estate and Stephen Turner (See Exhibit A) re: [46-1] Motion To Sell . c/s (sja) (Entered: 08/08/2002) |
| 08/16/2002 | 81 | Notice of Appearance And Request For Service Of Notice By Kai W. Lyman for Creditor Plus Design, Inc. |

| | | Creditor Anita Meyer, Creditor Karin Ficket. c/s. (sav) (Entered: 08/19/2002) |
|---|---|---|
| 08/16/2002 | 82 | Withdrawal by Atty Neil D. Warrenbrand of Appearance re: Karen Ficket, Anita Meyer and Plus Design, Inc. (sav) (Entered: 08/19/2002) |
| 08/16/2002 | 83 | Motion By Linn N. Anderson, Robert A. Anderson, Diane M. Cummings, R. Taber Hand, Margaret C. Hand, Julia B. Hand, Shirley Spence, Laurie Foster, Jim Robbins, Karin Ficket, Anita Meyer, Plus Design, Inc. (THE ANDERSON CREDITORS) For Confirmation of Deadlines for Non-Dischargeability Complaints or, in the Alternative For an Enlargement of Time ; Expedited Resolution Requested . c/s. (sav) (Entered: 08/19/2002) |
| 08/19/2002 | 84 | Objection by Debtor To [83-1] Motion For Confirmation of Deadlines for Non-Dischargeability Complaints or, in the Alternative, [83-2] Motion For an Enlargement of Time by The Anderson Creditors. c/s. (sav) (Entered: 08/19/2002 |
| 08/19/2002 | 85 | ENDORSEMENT ORDER: re: [84-1] Objection by Debtor To [83-1] Motion For Confirmation of Deadlines for Non-Dischargeability Complaints or, in the Alternative, [83-2] Motion For an Enlargement of Time by The Anderson Creditors. OBJECTION SUSTAINED . (sav) (Entered: 08/19/2002) |
| 08/19/2002 | 86 | ENDORSEMENT ORDER: re: [83-2] Motion For an Enlargement of Time by The Anderson Creditors. MOTION TO ENLARGE TIME FOR DEADLINES FOR FILING NON-DISCHARGEABILITY COMPLAINTS DENIED AS THE DEADLINE PREVIOUSLY IMPOSED BY THIS COURT WAS AUGUST 12, 2002 AND THEREFORE THIS MOTION IS UNTIMELY. SEE FED. R. BANKR. P. 4004(b) AND 4007 (c) . (sav) (Entered: 08/19/2002) |
| 08/19/2002 | 87 | ENDORSEMENT ORDER: Re: [79-1] Application By Chapter 7 Trustee To Employ as Real Estate Broker, Lynn Moore Of Codman Real Estate . NO OBJECTIONS. APPLICATION APPROVED. (sja) (Entered: 08/20/2002) |
| 08/22/2002 | 88 | Motion By Richard A. Coffman, Neal B. Coffman, Michael Coffman and William L. Kams, Trustee of The Neal Investment Trust, Pursuant to 11 U.S.C. Section 305(a) and 707(a) Requesting Court to Abstain and To Dismiss Case . c/s (sja) (Entered: 08/22/2002) |
| 08/22/2002 | | Complaint (02-1315) Richard A. Coffman vs. Elliot J. Feiner . 727 Objection , NOS 426 Dischargeability 523 . ( Filing Fee $ 150.00 Receipt # 486509) (kpm) (Entered: 08/22/2002) |
| 08/23/2002 | | Complaint (02-1317) John J. Aquino vs. Richard Coffman . NOS 435 Validity/Priority/Extent Lien . ( Filing Fee $ 150.00 Receipt # 486562) (kpm) (Entered: 08/23/2002) |
| 08/23/2002 | | Complaint (02-1316) John J. Aquino vs. Linn N. Anderson . NOS 435 Validity/Priority/Extent Lien . ( Filing Fee $ 150.00 Receipt # 486561) (kpm) (Entered: 08/23/2002) |
| 08/26/2002 | 89 | Limited Reply (Response) By Richard A. Coffman, Neal B. Coffman, Michael Coffman and William L. Kams, Trustee of the Neal Investment To [77-1] Response by Debtor. c/s (sja) (Entered: 08/26/2002) |
| 08/27/2002 | | Hearing Re: [88-1] Motion by Richard A. Coffman, Neal B. Coffman, Michael Coffman and William K. Kams, Trustee of the Neal Investment Trust Requesting Court To Abstain and [88-2] Motion To Dismiss Case Scheduled For 10:00 a.m. on 9/25/02 in Courtroom 1 (sja) (Entered: 08/27/2002) |
| 08/27/2002 | 90 | Motion By Linn N. Anderson, Robert A. Anderson, Diane M. Cummings, R. Taber Hand, Margaret C. Hand, Julia B. Hand, Shirley Spence, Laurie Foster and Jim Robbins To Extend Time to File Notice of Appeal (Expedited Determination Requested) . (sja) (Entered: 08/27/2002) |
| 08/28/2002 | 91 | ENDORSEMENT ORDER: Re: [90-1] Motion To Extend Time to File Notice of Appeal (Expedited Determination Requested) by Jim Robbins, Laurie Foster, Shirley Spence, Julia B. Hand, Margaret C. Hand, R. Taber Hand, Diane M. Cummings, Robert A. Anderson, Linn N. Anderson (Extend To 8/29/02) . MOTION ALLOWED. (sja) (Entered: 08/28/2002) |
| 08/29/2002 | 92 | Motion By Linn N. Anderson, Robert A. Anderson, Diane M. Cummings, R. Taber Hand, Margaret C. Hand, Julia B. Hand, Shirley Spence, Laurie Foster and Jim Robbins For Reconsideration Of Court's August 19, 2002 Order Regarding Deadlines For Non-Dischargeability Complaints Re: [86-1] Endorsement Order of 8/19/02 . c/s (fac) (Entered: 08/30/2002) |
| 08/30/2002 | | Complaint (02-1328) Karin Fickett vs. Elliot J. Feiner. 727 Objection , NOS 426 Dischargeability 523 . ( Filing |

16

| | | |
|---|---|---|
| | | Fee $150.00 Receipt #00486835) (kpm) (Entered: 08/30/2002) |
| 08/30/2002 | | Complaint (02-1327) Linn N. Anderson vs. Elliot J. Feiner. 727 Objection , NOS 426 Dischargeability 523 . (Filing Fee $150.00 Receipt #00486836) (kpm) (Entered: 08/30/2002) |
| 09/03/2002 | | Hearing Held Re: [33-1] Motion by River Court Condominium Trust For Relief from Automatic Stay (Unit 1102, 10 Rogers Street, Cambridge, MA). (sja) (Entered: 09/03/2002) |
| 09/03/2002 | 93 | ORDER: Re: [33-1] Motion by River Court Condominium Trust For Relief from Automatic Stay (Unit 1102, 10 Rogers Street, Cambridge, MA) and [36-1] Objection by Chapter 7 Trustee . #33, #36 CONTINUED TO SEPTEMBER 25, 2002 AT 10:00 A.M. (sja) (Entered: 09/03/2002) |
| 09/03/2002 | | Hearing Re: [33-1] Motion by River Court Condominium Trust For Relief from Automatic Stay (Unit 1102, 10 Rogers Street, Cambridge, MA) Continued For 10:00 a.m. on 9/25/02 in Courtroom 1 (sja) (Entered: 09/03/2002) |
| 09/03/2002 | 94 | Objection By Debtor To [86-1] Court's Endorsement Order of 8/19/02 Re: [83-2] Motion For an Enlargement of Time by The Anderson Creditors . c/s (sja) (Entered: 09/04/2002) |
| 09/06/2002 | 95 | Objection By Debtor To [88-1] Motion by Richard Coffman, Michael Coffman, Neal B. Coffman and William L. Kams, Trustee of the Neal Investment Trust to Abstain and [88-2] Motion To Dismiss Case . c/s (sja) (Entered: 09/06/2002) |
| 09/06/2002 | 96 | ORDER: Re: [92-1] Motion For Reconsideration Of Court's August 19, 2002 Order Regarding Deadlines For Non-Dischargeability Complaints Re: [86-1] Endorsement of 8/19/02 by Linn N. Anderson, Robert A. Anderson, Diane M. Cummings, R. Taber Hand, Margaret C. Hand, Julia B. Hand, Shirley Spence, Laurie Foster and Jim Roberts . NOW, THEREFORE, THE COURT HEREBY DENIES THE ANDERSON CREDITORS' MOTION FOR RECONSIDERATION OF THIS COURT'S AUGUST 19, 2002 ORDER IN PART. THE ANDERSON CREDITORS ARE TIME BARRED FROM FILING A COMPLAINT UNDER 11 U.S.C. SECTION 523(c). AS THE TRUSTEE IN HIS MOTION FOR ENLARGEMENT OF TIME REQUESTED RELIEF ON BEHALF OF PARTIES IN INTEREST THAT THE DEADLINE FOR COMPLAINTS UNDER 11 U.S.C. SECTION 727 BE EXTENDED TO SEPTEMBER 30, 2002, THE ANDERSON CREDITORS MAY RELY UPON THAT DEADLINE FOR FILING A COMPLAINT UNDER 11 U.S.C. SECTION 727. (sja) (Entered: 09/06/2002) |
| 09/19/2002 | | Hearing Re: [68-1] Motion by Chapter 7 Trustee For Entry of Order Approving Compromise between the Estate and Stephen Turner Scheduled For 10:00 a.m. on 9/25/02 in Courtroom 1 (sja) (Entered: 09/19/2002) |
| 09/20/2002 | | Telephonic Notice Given To Christopher Lefebvre of Hearing on (#68) Today and also to Chapter 7 Trustee (Today and on 9/19/02). (sja) (Entered: 09/20/2002) |
| 09/20/2002 | 97 | Objection by Chapter 7 Trustee To [88-1] Motion to Abstain and [88-2] Motion To Dismiss Case by William L. Kams, Michael Coffman, Neal B. Coffman, Richard A. Coffman . c/s (pkn) (Entered: 09/23/2002) |
| 09/20/2002 | 98 | Certificate Of Service Of Notice Of Hearing By John C. Ottenberg for Richard A. Coffman, Neal B. Coffman, Michael Coffman and William K. Kams Re: [88-1] Motion Requesting Court To Abstain and [88-2] Motion To Dismiss Case. (pkn) (Entered: 09/23/2002) |
| 09/20/2002 | 98 | Certificate Of Service Of Notice Of Hearing By John C. Ottenberg For Michael Coffman Richard A. Coffman, Neal B. Coffman And William L. Kams Re: [65-1] Objection To Debtor's Claim Of Exemptions. (pkn) (Entered: 09/23/2002) |
| 09/20/2002 | 99 | Motion by Trustee John J. Aquino To Authorize Trustee To Consent To Liquidation Of Debtor's Interet In Meadow Tree Farm, Inc. . c/s (pkn) (Entered: 09/23/2002) |
| 09/23/2002 | 100 | Certificate Of Service By John C. Ottenberg for William L. Kams, Michael Coffman, Neal B. Coffman, and Richard A. Coffman Re: Hearing On [65-1] Objection To Debtor's Claim Of Exemptions. (cpd) (Entered: 09/23/2002) |
| 09/24/2002 | 101 | Joint Motion By River Court Condominium Trust and Trustee To Continue Hearing On: ([33-1] Motion by River Court Condominium Trust For Relief from Automatic Stay (Unit 1102, 10 Rogers Street, Cambridge, MA) . c/s (cpd) (Entered: 09/24/2002) |

| 09/24/2002 | 104 | ENDORSEMENT ORDER: Re: [101-1] Joint Motion by Chapter 7 Trustee And River Court Condominium Trust To Continue Hearing On: ([33-1] Motion by River Court Condominium Trust For Relief from Automatic Stay (Unit 1102, 10 Rogers Cambridge, MA) . MOTION ALLOWED. THE HEARING IS CONTINUED UNTIL NOVEMBER 25, 2002 AT 10:00 A.M. (cpd) (Entered: 10/01/2002) |
|---|---|---|
| 09/25/2002 | | Hearing Held Re: [88-2] Motion To Dismiss Case and [88-1] Motion to Abstain by William L. Kams, Michael Coffman, Neal B. Coffman, Richard A. Coffman. (pkn) (Entered: 09/26/2002) |
| 09/25/2002 | 102 | ORDER Re: [88-1] Motion to Abstain and to [88-2] Dismiss by Richard A. Coffman, Neal B. Coffman, Michael Coffman and William L. Kams, [95-1] Objection by Debtor and 97 Opposition by Chapter 7 Trustee . #88 DENIED. #95,97 SUSTAINED. (pkn) (Entered: 09/26/2002) |
| 09/25/2002 | 105 | Certificate Of Service By Trustee of Hearing Re: [68-1] Motion by Chapter 7 Trustee For Entry of Order Approving Compromise between the Estate and Stephen Turner. (sja) (Entered: 10/02/2002) |
| 09/25/2002 | | Hearing Held Re: [68-1] Motion By Trustee For Entry of Order Approving Compromise between the Estate and Stephen Turner. (sja) (Entered: 10/02/2002) |
| 09/25/2002 | 106 | ORDER: Re: [68-1] Motion by Chapter 7 Trustee For Entry of Order Approving Compromise between the Estate and Stephen Turner and [80-1] (Objection by Ronda Feiner) . #68 GRANTED. #80 WITHDRAWN (sja) (Entered: 10/02/2002) |
| 09/25/2002 | | Hearing Held Re: [31-1] Motion by Bankers Trust Company of California For Relief from Automatic Stay (10 Rogers Street, Cambridge, MA). (sja) (Entered: 10/02/2002) |
| 09/25/2002 | | Hearing Held Re: [31-1] Motion By Bankers Trust Company of Californai For Relief from Automatic Stay (10 Rogers Street, Cambridge, MA). (sja) (Entered: 10/02/2002) |
| 09/25/2002 | 107 | ORDER: Re: [31-1] Motion by Bankers Trust Company of California For Relief from Automatic Stay (10 Rogers Street, Cambridge, MA) and [37-1] Objection by Chapter 7 Trustee . #31,#37 CONTINUED TO NOVEMBER 25, 2002 AT 10:00 A.M. BY AGREEMENT. (sja) (Entered: 10/02/2002) |
| 09/26/2002 | 103 | ORDER: THE COURT HEREBY CONSOLIDATES 1) [65-1] Objection by William L. Kams, Michael Coffman, Neal B. Coffman, Richard A. Coffman to Exemption, 2) [70-1] Objection by Jim Robbins, Laurie Foster, Shirley Spence, Julia B. Hand, Margaret C. Hand, R. Taber Hand, Diane M. Cummings, Robert A. Anderson, Linn N. Anderson to Exemption and 3) [77-1] Response by Debtor. THE COURT SHALL ISSUE ONE PRETRIAL ORDER FOR BOTH MATTERS . (cpd) (Entered: 09/27/2002) |
| 09/30/2002 | 108 | PRE-TRIAL ORDER ON CONTESTED MATTERS By The Court: Re: [70-1] Objections of Anderson Creditors and [65-1] Coffman Creditors to the Debtor's Claim of Exemptions and [77-1] Responses by the Debtor. (Please see Document #108 for Complete Text). (sja) (Entered: 10/02/2002) |
| 10/01/2002 | | Hearing Re: [33-1] Motion By River Court Condominium Trust For Relief from Automatic Stay (Unit 1102, 10 Rogers Street, Cambridge, MA) Continued For 10:00 a.m. on 11/25/02 in Courtroom 1 (cpd) (Entered: 10/01/2002) |
| 10/02/2002 | | Hearing Re: [31-1] Motion by Bankers Trust Company of California For Relief from Automatic Stay (10 Rogers Street, Cambridge, MA) Continued For 10:00 a.m. on 11/25/02 in Courtroom 1 (sja) (Entered: 10/02/2002) |
| 10/04/2002 | 109 | ENDORSEMENT ORDER: Re: [99-1] Motion by Chapter 7 Trustee To Authorize Trustee To Consent To Liquidation Of Debtor's Interet In Meadow Tree Farm, Inc. . NO OBJECTIONS. MOTION ALLOWED. (sja) (Entered: 10/04/2002) |
| 10/04/2002 | 110 | Imaged Certificate of Mailing. (auto) (Entered: 10/04/2002) |
| 10/09/2002 | 111 | Notice of Appearance And Request For Service Of Notice By Thomas James Morrissey for Jim Robbins, Laurie Foster, Julia B. Hand, Margaret C. Hand, R. Taber Hand, Diane M. Cummings, Robert A. Anderson, Linn N. Anderson. (sja) (Entered: 10/09/2002) |
| 10/09/2002 | 112 | Notice of Withdrawal by Kai W. Lyman. re: Notice of Appearance. (sja) (Entered: 10/09/2002) |
| | | |

17

| | | |
|---|---|---|
| 10/09/2002 | 113 | Certificate Of Service By Thomas James Morrissey Of [112-1] Withdrawal of Appearance by Kai W. Lyman and [111-1] Notice To Appear by Thomas James Morrissey . (sja) (Entered: 10/09/2002) |
| 10/11/2002 | 114 | Request by Trustee For Claims Register. (fac) (Entered: 10/16/2002) |
| 10/30/2002 | | Claims Regiser mailed to John J. Aquino @ Anderson Aquino LLP; 260 Franklin St.; Boston, MA 02110 (kmp) (Entered: 10/30/2002) |
| 10/31/2002 | 115 | Joint Motion By Coffman Creditors, Anderson Creditors, Debtor And Trustee To Amend Pretrial Order On Contested Matters Re: [108-1] Pre-Trial Order . Extend: Discovery To November 15, 2002; Dispositive Motions To November 31, 2002; and Joint Pre-Trial Memorandum To December 15, 2002. (fac) (Entered: 11/04/2002) |
| 11/04/2002 | 116 | ENDORSEMENT ORDER: [115-1] Motion To Amend Pretrial Order On Contested Matters Re: [108-1] Pre-Trial Order by John Aquino, Elliot J. Feiner, Linn N. Anderson, Richard A. Coffman MOTION ALLOWED. (pkn) (Entered: 11/05/2002) |
| 11/08/2002 | 117 | Imaged Certificate of Mailing. (auto) (Entered: 11/08/2002) |
| 11/25/2002 | | Hearing Held Re: [31-1] Motion For Relief from Automatic Stay (10 Rogers Street, Cambridge, MA) by Bankers Trust Company Of California, [37-1] Objection by Chapter 7 Trustee (pkn) (Entered: 11/26/2002) |
| 11/25/2002 | 118 | HONORABLE WILLIAM C. HILLMAN ORDER: [31-1] Motion For Relief from Automatic Stay (10 Rogers Street, Cambridge, MA) by Bankers Trust Company Of California, [37-1] Objection by Chapter 7 Trustee CONTINUED TO FEBRUARY 3, 2003 AT 10:00. (pkn) (Entered: 11/26/2002) |
| 11/25/2002 | | Hearing Held Re: [33-1] Motion For Relief from Automatic Stay (Unit 1102, 10 Rogers Street, Cambridge, MA) by River Court Condominium Trust, and [36-1] Objection by Chapter 7 Trustee (pkn) (Entered: 11/26/2002) |
| 11/25/2002 | 119 | HONORABLE WILLIAM C. HILLMAN ORDER: [33-1] Motion For Relief from Automatic Stay (Unit 1102, 10 Rogers Street, Cambridge, MA) by River Court Condominium Trust, and [36-1] Objection by Chapter 7 Trustee CONTINUED TO FEBRUARY 3, 2003 AT 10:00. (pkn) (Entered: 11/26/2002) |
| 11/25/2002 | | Hearing Re: [33-1] Motion For Relief from Automatic Stay (Unit 1102, 10 Rogers Street, Cambridge, MA) by River Court Condominium Trust and [36-1] Objection by Chapter 7 Trustee Continued To 10:00 AM On 2/3/03 in Courtroom 1, (pkn) (Entered: 11/26/2002) |
| 11/26/2002 | | Hearing Re: [31-1] Motion For Relief from Automatic Stay (10 Rogers Street, Cambridge, MA) by Bankers Trust Company Of California [37-1] Objection by Chapter 7 Trustee Continued To 10:00 AM On 2/3/03 in Courtroom 1, (pkn) (Entered: 11/26/2002) |
| 11/29/2002 | 120 | Imaged Certificate of Mailing. (auto) (Entered: 11/29/2002) |
| 11/29/2002 | 121 | Imaged Certificate of Mailing. (auto) (Entered: 11/29/2002) |
| 12/23/2002 | 122 | Motion By Debtor For Summary Judgment As To The Objections to the Debtor's Claim of Homestead Exemption . Affidavit of Elliot J. Feiner In Support. Exhibit A-E. c/s. (cpd) (Entered: 12/23/2002) |
| 12/24/2002 | 123 | Motion By Creditor Michael Coffman, Creditor Neal B. Coffman, Creditor Richard A. Coffman To Extend Time For Filing Opposition to Motion of Debtor for Summary Judgment to January 22, 2003 C/S. (mem) (Entered: 12/26/2002) |
| 12/27/2002 | 124 | ENDORSEMENT ORDER: [123-1] Motion To Extend Time For Filing Opposition to Motion of Debtor for Summary Judgment to January 22, 2003 by Richard A. Coffman, Neal B. Coffman, Michael Coffman . MOTION ALLOWED (mem) (Entered: 12/27/2002) |
| 12/30/2002 | 125 | Assent by Robert A. Anderson, Linn N. Anderson, Diane M. Cummings, R. Taber Hand, Margot C. Hand, Julia B. Hand, Laurie Foster, Jim Robbins, Karin Fickett, Anita Meyer and Plus Design, Inc. To [123-1] Motion To Extend Time For Filing Opposition to Motion of Debtor for Summary Judgment to January 22, 2003 by Richard A. Coffman, Neal B. Coffman, Michael Coffman . c/s (pkn) (Entered: 12/31/2002) |

| 01/02/2003 | 127 | ENDORSEMENT ORDER: [125-1] Assented To Motion For Extension of Time to Respond To Debtor's Motion for Summary Judgment of Creditors Linn A. Anderson, Robert A. Anderson, Diane M. Cummings, R. Taber Hand, Margot C. Hand, Julia B. Hand, Laurie Foster, Jim Robbins, Karin Fickett, Anita Meyer and Plus Design, Inc. . MOTION ALLOWED. (cpd) (Entered: 01/14/2003) |
| --- | --- | --- |
| 01/04/2003 | 126 | Imaged Certificate of Mailing. (auto) (Entered: 01/04/2003) |
| 01/16/2003 | 128 | Notice for Change of Address for John C. Ottenberg for William L. Kams, Michael Coffman, Neal B. Coffman, Richard A. Coffman. c/s. (cpd) (Entered: 01/17/2003) |
| 01/17/2003 | 129 | Imaged Certificate of Mailing. (auto) (Entered: 01/17/2003) |
| 01/22/2003 | 130 | Opposition By Neal Coffman, Et. Al. To [122-1] Motion For Summary Judgment As To The Objections to the Debtor's Claim of Homestead Exemption. (cpd) (Entered: 01/24/2003) |
| 01/22/2003 | 131 | Affidavit by William L. Kams. (cpd) (Entered: 01/24/2003) |
| 01/22/2003 | 132 | Affidavit by John C. Ottenberg. Attachments A-C. (cpd) (Entered: 01/24/2003) |
| 01/22/2003 | 133 | Opposition By Jim Robbins, Laurie Foster, Julia B. Hand, Margaret C. Hand, R. Taber Hand, Diane M. Cummings, Robert A. Anderson, Linn N. Anderson, Karin Ficket, Plus Design, Inc. To [122-1] Motion For Summary Judgment As To The Objections to the Debtor's Claim of Homestead Exemption by Debtor . c/s. (cpd) (Entered: 01/24/2003) |
| 01/22/2003 | 134 | Affidavit by Thomas James Morrissey In Support of[133-1] Objection Jim Robbins, Laurie Foster, Julia B. Hand, Margaret C. R. Taber Hand, Diane M. Cummings, Robert A. Anderson, Linn N. Anderson, Karin Ficket, Plus Design, Inc. To [122-1] Motion For Summary Judgment As To The Objections to the Debtor's Claim of Homestead Exemption by Debtor. (cpd) (Entered: 01/24/2003) |
| 01/28/2003 | 135 | Motion By Trustee to sell certain assets of the estate, to wit, a condominium unit and associated parking spaces . Exhibit A. Exhibit B (Notice To Sell). c/s. (cpd) (Entered: 01/30/2003) |
| 01/28/2003 | 137 | Notice of Intended Private Sale To Michael and Deborah Pascavage Re: CONDOMINIUM UNIT #1102 LOCATED AT 10 ROGERS COURT, CAMBRIDGE, MA, TOGETHER WITH PARKING SPACES #6 AND 7 FOR THE PRICE OF 840,000.00 filed by Trustee. Hearing Set for 3/3/03 10:00 a.m., Courtroom 1; Objections/Responses/Counteroffers/Bids due: 2/25/03 by 4:30 p.m. (cpd) (Entered: 02/03/2003) |
| 01/31/2003 | | Hearing Re: [122-1] Motion For Summary Judgment As To The Objections to the Debtor's Claim of Homestead Exemption by Debtor, Scheduled For 10:00 a.m. on 3/25/03 in Courtroom 1 . (cpd) (Entered: 01/31/2003) |
| 01/31/2003 | 136 | Opposition By Richard A. Coffman, Neal B. Coffman, Michael Coffman, William L. Kams To [135-1] Motion to sell certain assets of the estate, to wit, a condominium unit and associated parking spaces by Trustee . c/s. (cpd) (Entered: 02/03/2003) |
| 02/03/2003 | | Hearing Held Re: [31-1] Motion For Relief from Automatic Stay (10 Rogers Street, Cambridge, MA) by Bankers Trust Company Of California, [37-1] Objection by Chapter 7 Trustee. (cpd) (Entered: 02/05/2003) |
| 02/03/2003 | 138 | ORDER: [31-1] Motion For Relief from Automatic Stay (10 Rogers Street, Cambridge, MA) by Bankers Trust Company Of California, [37-1] Objection by Chapter 7 Trustee . CONTINUED TO 3/31/03 BY 10:00 A.M. (cpd) (Entered: 02/05/2003) |
| 02/03/2003 | | Hearing Held Re: [33-1] Motion For Relief from Automatic Stay (Unit 1102, 10 Rogers Street, Cambridge, MA) by River Court Condominium Trust, [36-1] Objection by Chapter 7 Trustee. (cpd) (Entered: 02/05/2003) |
| 02/03/2003 | 139 | ORDER: [33-1] Motion For Relief from Automatic Stay (Unit 1102, 10 Rogers Street, Cambridge, MA) by River Court Condominium Trust,[36-1] Objection by Chapter Trustee . CONTINUED TO 3/31/03 AT 10:00 A.M. (cpd) (Entered: 02/05/2003) |
| 02/05/2003 | | Hearing Re: [31-1] Motion For Relief from Automatic Stay (10 Rogers Street, Cambridge, MA) by Bankers Trust Company Of California, [37-1] Objection by Chapter 7 Trustee, Continued For 10:00 a.m. on 3/31/03 in Courtroom 1 (cpd) (Entered: 02/05/2003) |

14

| | | |
|---|---|---|
| 02/05/2003 | | Hearing Re: [33-1] Motion For Relief from Automatic Stay (Unit 1102, 10 Rogers Street, Cambridge, MA) by River Court Condominium Trust, [36-1] Objection by Chapter 7 Trustee, Continued For 10:00 a.m. on 3/31/03 in Courtroom 1 (cpd) (Entered: 02/05/2003) |
| 02/07/2003 | 141 | Objection By Linn N. Anderson, Robert A. Anderson, Diane M. Cummings, R. Taber Hand, Margaret C. Hand, Julia B. Hand, Laurie Foster, Jim Robbins, Karin Ficket, Anita Meyer, Plus Design, Inc. To [135-1] Motion to sell certain assets of the estate, to wit, a condominium unit and associated parking spaces by Trustee . c/s. (cpd) (Entered: 02/10/2003) |
| 02/08/2003 | 140 | Imaged Certificate of Mailing. (auto) (Entered: 02/08/2003) |
| 02/10/2003 | | Hearing Re: [135-1] Motion to sell certain assets of the estate, to wit, a condominium unit and associated parking spaces by John Aquino Scheduled For 10:00 a.m. on 3/3/03 in Courtroom 1, Objections/Responses/Counteroffers/Bids to Motion Due On: 4:30 p.m. on 2/25/03 (cpd) (Entered: 02/10/2003) |
| 02/10/2003 | 142 | Certificate Of Service By Carla J. Andrad for Trustee Re: [137-1] Notice CONDOMINIUM UNIT #1102 LOCATED AT 10 ROGERS COURT, CAMBRIDGE, MA, TOGETHER WITH PARKING SPACES #6 AND 7 FOR PRICE of 840,000.00. (cpd) (Entered: 02/11/2003) |
| 02/27/2003 | 144 | Notice of Hearing by Kirk C. Bertino for Debtor Re: Hearing on [122-1] Motion For Summary Judgment As To The Objections to the Debtor's Claim of Homestead Exemption Scheduled For 10:00 a.m. on 3/25/03 in Courtroom 1. (This Hearing is being consolidated with Hearing scheduled for 3/3/03 on Motion of Chapter 7 Trustee for Authority to Sell Condominium Unit and Parking Spaces at Private Sale and for Authority to Disburse Proceeds). (cpd) (Entered: 03/03/2003) |
| 02/28/2003 | 143 | Motion by Debtor To Consolidate Hearing Dates March 3, 2003 regarding Chapter 7n Trustee's Motion to Sell Condominium and March 25, 2003 regarding Debtor's Motion for Summary Judgment (request for matters to be heard on March 3, 2003 at 10:00 a.m.) . c/s. (cpd) (Entered: 02/28/2003) |
| 02/28/2003 | 147 | ENDORSEMENT ORDER: [143-1] Motion To Consolidate Hearing Dates March 3, 2003 regarding Chapter 7 Trustee's Motion to Sell Condominium and March 25, 2003 regarding Debtor's Motion for Summary Judgment (request for matters be heard on March 3, 2003 at 10:00 a.m.) by Debtor . MOTION ALLOWED. (cpd) (Entered: 03/04/2003) |
| 03/03/2003 | | Hearing Held Re: [122-1] Motion For Summary Judgment As To The Objections to the Debtor's Claim of Homestead Exemption by Debtor, [130-1] Objection of Neal Coffman, Et. Al. o , [133-1] Objection by Linn A. Anderson, et al. (cpd) (Entered: 03/04/2003) |
| 03/03/2003 | 145 | ORDER: [122-1] Motion For Summary Judgment As To The Objections to the Debtor's Claim of Homestead Exemption by Debtor, [130-1] Objection Neal Coffman, Et. Al., [133-1] Objection by Linn A. Anderson, et al . TAKEN UNDER ADVISEMENT. (cpd) (Entered: 03/04/2003) |
| 03/03/2003 | | Hearing Held Re: [135-1] Motion to sell certain assets of the estate, to wit, a condominium unit and associated parking spaces by Trustee, [136-1] Objection by Richard A. Coffman, Neal B. Coffman, Michael Coffman, William L. Kams , [141-1] Objection Linn N. Anderson, Robert A. Anderson, Diane M. Cummings, R. Taber Hand, Margaret C. Hand, Julia B. Hand, Laurie Foster, Jim Robbins, Karin Ficket, Anita Meyer, Plus Design, Inc.. (cpd) (Entered: 03/04/2003) |
| 03/03/2003 | 146 | ORDER: [135-1] Motion to sell certain assets of the estate, to wit, a condominium unit and associated parking spaces by Trustee, [136-1] Objection by Richard A. Coffman, Neal B. Coffman, Michael Coffman, William L. Kams, [141-1] Objection by Linn N. Anderson, Robert A. Anderson, Diane M. Cummings, R. Taber Hand, Margaret C. Hand, Julia B. Hand, Laurie Foster, Jim Robbins, Karin Ficket, Anita Meyer, Plus Design, Inc. . TAKEN UNDER ADVISEMENT. (cpd) (Entered: 03/04/2003) |
| 03/07/2003 | 148 | Memorandum Issued by: Judge Joan N. Feeney Re: [135-1] Motion to sell certain assets of the estate, to wit, a condominium unit and associated parking spaces by Trustee. THE COURT SHALL ENTER AN ORDER GRANTING THE DEBTOR'S MOTION FOR SUMMARY JUDGMENT, OVERRULING THE OBJECTIONS TO THE DEBTOR'S CLAIM OF HOMESTEAD EXEMPTION FILED BY THE COFFMAN GROUP AND THE ANDERSON GROUP AND THE ANDERSON GROUP, APPROVING THE DEBTOR'S HOMESTEAD EXEMPTION IN THE SUM OF $300,000, AND GRANTING THE SALE MOTION. THE COURT AUTHORIZES THE TRUSTEE TO DISTRIBUTE THE PROCEEDS OF THE SALE, AFTER PAYMENT OF CLOSING COSTS AND THE CLAIMS OF VALID LIENHOLDERS, TO THE DEBTOR IN THE SUM OF $300,000, AND TO RONDA FEINER ON ACCOUNT OF HER FIFTY PERCENT OWNERSHIP INTEREST, WITH THE BALANCE TO BE PAID TO THE ESTATE. (cpd) (Entered: 03/07/2003) |

| | | |
|---|---|---|
| 03/07/2003 | 149 | ORDER: [122-1] Motion For Summary Judgment As To The Objections to the Debtor's Claim of Homestead Exemption by Debtor, [130-1] Objection by Neal Coffman, Et. Al. To [122-1], [133-1] Objection by Jim Robbins, Laurie Foster, Julia B. Hand, Margaret C. Hand, R. Taber Hand, Diane M. Cummings, Robert A. Anderson, Linn N. Anderson, Karin Ficket, Plus Design, Inc. To [122-1], [135-1] Motion to sell certain assets of the estate, to wit, a condominium unit and associated parking spaces by Trustee . IN ACCORDANCE WITH THE MEMORANDUM DATED MARCH 7, 2003, THE COURT GRANTS THE MOTION OF DEBTOR FOR SUMMARY JUDGMENT AS TO THE OBJECTIONS TO THE DEBTOR'S CLAIM OF HOMESTEAD EXEMPTION, OVERRULES THE OBJECTIONS TO THE DEBTOR'S CLAIM OF HEOMESTEAD EXEMPTION FILED BY RICHARD A COFFMAN ET AL. AND LINN A. ANDERSON ET AL. THE COURT ALSO GRANTS THE MOTION OF CHAPTER 7 TRUSTEE FOR AUTHORITY TO SELL CONDOMINIUM UNIT AND PARKING SPACES AT PRIVATE SALE PURSUANT TO 11 U.S.C. SEC 363 AND FOR AUTHORITY TO DISTRIBUTE PROCEEDS AND OVERRULES THE OPPOSITIONS FILED BY RICHARD A COFFMAN ET AL. AND LINN A. ANDERSON ET AL. THE COURT SPECIFICALLY APPROVES THE DISTRIBUTION PROPOSED BY THE TRUSTEE IN HIS MOTION. (cpd) (Entered: 03/07/2003) |
| 03/07/2003 | 150 | Imaged Certificate of Mailing. (auto) (Entered: 03/07/2003) |
| 03/07/2003 | 151 | Imaged Certificate of Mailing. (auto) (Entered: 03/07/2003) |
| 03/07/2003 | 152 | Imaged Certificate of Mailing. (auto) (Entered: 03/07/2003) |
| 03/20/2003 | 153 | Notice of Appearance And Request For Service Of Notice By Rickel Shuster for Citizens Bank of Massachusetts. (kmp) (Entered: 03/20/2003) |
| 03/27/2003 | 155 | Withdrawal by: River Court Condominium Trust re: [33-1] Motion For Relief from Automatic Stay (Unit 1102, 10 Rogers Street, Cambridge, MA). c/s. (cpd) (Entered: 03/28/2003) |
| 03/28/2003 | 154 | Motion By Bankers Trust Company Of California To Withdraw [31-1] Motion For Relief from Automatic Stay (10 Rogers Street, Cambridge, MA) . c/s. (cpd) (Entered: 03/28/2003) |
| 03/28/2003 | 156 | ENDORSEMENT ORDER: [154-1] Motion To Withdraw [31-1] Motion For Relief from Automatic Stay (10 Rogers Street, Cambridge, MA) by Bankers Trust Company Of California . MOTION ALLOWED. (cpd) (Entered: 04/02/2003) |
| 03/28/2003 | 157 | ORDER: [31-1] Motion For Relief from Automatic Stay (10 Rogers Street, Cambridge, MA) by Bankers Trust Company Of California . THE HEARING IS CANCELLED. #31 HAS BEEN WITHDRAWN, RENDERING #37 - OPPOSITION BY CHAPTER 7 TRUSTEE MOOT. (cpd) (Entered: 04/02/2003) |
| 03/28/2003 | 158 | ENDORSEMENT ORDER: [155-1] Withdrawal of Motion for Relief From Stay by River Court Condominium Trust . MOTION ALLOWED. (cpd) (Entered: 04/02/2003) |
| 03/28/2003 | 159 | ORDER: [33-1] (Motion For Relief from Automatic Stay (Unit 1102, 10 Rogers Street, Cambridge, MA) by River Court Condominium Trust) . WITHDRAWN. THE HEARING IS CANCELLED. #33 HAS BEEN WITHDRAWN RENDERING #36 OBJECTION BY CHAPTER 7 TRUSTEE MOOT. 33 (cpd) (Entered: 04/02/2003) |
| 09/30/2003 | 160 | Order Dated 9/30/2003 RE: 39Plaintiffs' Motion To Consolidate this action with other Adversary Proceedings as one action. GRANTED. (cpd, usbc) (Entered: 10/01/2003) |
| 12/10/2003 | 161 | Motion Filed by Trustee John Aquino for Authority to Sell Estate Assets at Private Sale Pursuant to to 11 U.S.C. Sec. 363 RE: Condominium Unit B-3 at 320 Westmoreland Street, Narragansett, Rhode Island. Debtor's 50% interest in certain works of art (Exhibit A attached), 100% interest in a 1994 BMW 325i Vehicle. Debtor's (cpd, usbc) Modified on 12/23/2003 (cpd, usbc). (Entered: 12/11/2003) |
| 12/10/2003 | 163 | Notice of Intend Private Sale filed by Trustee to Sell: DEBTOR'S INTEREST IN CONDOMINIUM UNIT B-3 AT 320 WESTMORELAND STREET, NARRAGANSETT, RHODE ISLAND, DEBTOR'S INTEREST IN CERTAIN WORKS OF ART (EXHIBIT A ATTACHED), AND THE DEBTOR'S INTEREST IN A 1994 BMW 325i VEHICLE.. Hearing scheduled for 1/20/2004 at 10:00 AM Boston Courtroom 1 - JNF ], RE: 161 Motion to Sell filed by Trustee John Aquino. Objections/Responses/Counteroffers due by 1/9/2004 at 4:30 PM. (cpd, usbc) (Entered: 12/23/2003) |
| 12/10/2003 | 164 | Certificate of Service filed by Philip C.Silverman for Trustee Re: 161 Motion to Sell, 163 Notice of Intent to Sell. (cpd, usbc) (Entered: 12/23/2003) |

| 12/12/2003 | 162 | Exhibit A Filed by Trustee John Aquino to Motion for Authority to Sell Estate Assets at Privatge Sale Pursuant to 11 U.S.C. Sec. 363 and Corresponding Notice of Sale. (cpd, usbc) (Entered: 12/15/2003) |
|---|---|---|
| 12/22/2003 | 165 | Certificate of Service by Philip C.Silverman for Trustee Re:Hearing and Deadline Date RE: 163 Notice of Intent to Sell. (cpd, usbc) (Entered: 12/23/2003) |
| 12/23/2003 | | Hearing Scheduled for 1/20/2004 at 10:00 AM Boston Courtroom 1 - JNF RE: 161 Motion to Sell filed by Trustee John Aquino. Objections/Response/Counteroffers due by 1/9/2004 at 4:30 PM. (cpd, usbc) (Entered: 12/23/2003) |
| 01/05/2004 | 166 | Trustee's Withdrawal of RE: 161 Motion to Sell. c/s (pkn, usbc) (Entered: 01/08/2004) |
| 01/05/2004 | 167 | Amended Re: 161 Motion to Sell Condominium Unit B-3 at 320 Westmoreland Street, Narragansett, Rhode Island filed by Trustee John Aquino c/s (Entered: 01/08/2004) |
| 01/05/2004 | 168 | Amended 163 Notice of Intended Private Sale of Estate Property to Sell Filed by Trustee John Aquino RE: ESTATE'S INTEREST IN CONDOMINIUM UNIT B-3 AT 320 WESTMORELAND STREET, NARRAGANSETT, RHODE ISLAND, THE DEBTOR'S 50% INTEREST IN CERTAIN WORKS OF ART, INTEREST IN A 1994 BMW 325i; Hearing Scheduled for 2/25/2004 at 10:45a.m., Responses/Objections/Counteroffers/Bids due: 2/5/2004 at 4:30p.m.. (cpd, usbc) (Entered: 01/20/2004) |
| 01/05/2004 | 169 | Certificate of Service Filed by Philip C. Silverman for Trustee John Aquino Re: 167 Amended Motion for Authority to Sell Estate Assets at Private Sale Pursuant to 11 U.S.C. Sec. 363, 168 Amended Notice to Sell. (cpd, usbc) (Entered: 01/20/2004) |
| 01/16/2004 | 170 | Certificate of Service by Philip C. Silverman for Trustee Re: 168 Amended Notice of Intended Private Sale of Estate Property, Deadline for Submitting Objections and Higher Offers and Hearing Date. (cpd, usbc) (Entered: 01/21/2004) |
| 01/20/2004 | | Hearing scheduled for 2/25/2004 at 10:45 AM Boston Courtroom 1 - JNF RE: 167Amended Motion filed by Trustee John Aquino. ResponsesObjections/Counteroffers/Bids due by 2/5/2004 at 4:30 PM. (cpd, usbc) (Entered: 01/20/2004) |
| 02/24/2004 | 171 | Order Dated 2/24/2004 RE: 167 Amended Motion 161 For Authority To Sell Estate Assets at Private Sale RE: Condominium Unit B-3 Westmoreland Steet, Narragansett, RI. GRANTED. NO OBJECTIONS OR HIGHER OFFERS WERE FILED AND THE HEARING IS CANCELLED. (cpd, usbc) (Entered: 02/25/2004) |
| 02/27/2004 | 172 | BNC Certificate of Mailing - PDF Document. Service Date 02/27/2004. (Related Doc # 171) (Admin.) (Entered: 02/28/2004) |
| 05/25/2004 | 173 | Motion Filed by Creditors Neal B. Coffman,Richard A. Coffman for Relief from Stay Re: File a State Court Action against the Debtor to remove him as a Trustee of the Richard A. Coffman Family Trust and the Neal B. Coffman Family Trust. Exhibits A and B. c/s.. Objections due by 6/7/2004. (cpd, usbc) (Entered: 05/27/2004) |
| 06/17/2004 | | Receipt Number 00515432, Fee Amount $75.00 RE: 173 Motion for Relief From Stay filed by Creditor Richard A. Coffman, Creditor Neal B. Coffman. (cpd, usbc) (Entered: 06/22/2004) |
| 06/24/2004 | 174 | Endorsed Order Dated 6/24/2004 RE: 173Motion Filed by Creditors Neal B. Coffman,Richard A. Coffman for Relief from Stay Re: File a State Court Action against the Debtor to remove him as a Trustee of the Richard A. Coffman Family Trust and the Neal B. Coffman Family Trust. THERE BEING NO OBJECTIONS, THE MOTION IS ALLOWED. (cpd, usbc) (Entered: 06/25/2004) |
| 06/27/2004 | 175 | BNC Certificate of Mailing - PDF Document. Service Date 06/27/2004. (Related Doc # 174) (Admin.) (Entered: 06/28/2004) |

| **PACER Service Center** |
|---|
| **Transaction Receipt** |
| 12/03/2004 09:41:52 |

22

| PACER Login: | sk0012 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 02-12235 Fil or Ent: Fil Doc From: 0 Doc To: 99999999 Links: n Format: HTMLfmt |
| Billable Pages: | 13 | Cost: | 0.91 |

23

§ 707. Dismissal

(a) The court may dismiss a case under this chapter [11 USCS §§ 701 et seq.] only after notice and a hearing and only for cause, including--
    (1) unreasonable delay by the debtor that is prejudicial to creditors;
    (2) nonpayment of any fees [or] and charges required under chapter 123 of title 28; and
    (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

(b) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter [11 USCS §§ 701 et seq.]. There shall be a presumption in favor of granting the relief requested by the debtor. In making a determination whether to dismiss a case under this section, the court may not take into consideration whether a debtor has made, or continues to make, charitable contributions (that meet the definition of "charitable contribution" under section 548(d)(3)) to any qualified religious or charitable entity or organization (as that term is defined in section 548(d)(4)).

HISTORY:
    (Nov. 6, 1978, P.L. 95-598, Title I, § 101, 92 Stat. 2606; July 10, 1984, P.L. 98-353, Title III, Subtitle A, § 312, Subtitle H, § 475, 98 Stat. 355, 381; Oct. 27, 1986, P.L. 99-554, Title II, Subtitle A, § 219, 100 Stat. 3100.)
    (As amended June 19, 1998, P.L. 105-183, § 4(b), 112 Stat. 518.)

24